# Hanover National Bank *v.* Johnson.

*Action on Promissory Notes, by Indorsee against Makers.*

1. *Plea of nul tiel corporation; retroactive statute.*—The statute requiring a plea of *nul tiel* corporation to be verified by affidavit (Sess. Acts, 1888-9, p. 57), does not apply to pleas filed before its passage, "though, as it relates only to the remedy, it would operate upon proceedings taken after its passage in a case then pending."

2. *Validity of contract; by what law governed.*—A contract for the sale and delivery of a commercial fertilizer, signed by both of the parties in Alabama, where the article is to be delivered, and where the purchaser executes his note for the price, payable at a bank in Alabama, is an Alabama transaction, and its validity is to be determined by the laws of Alabama, although the seller has his place of business in Atlanta, Georgia, and the contract is entitled in the heading as if executed there.

3. *Sale of commercial fertilizer; failure to affix tags to bags or packages, as defense to action on note for price.*—A contract, made in Alabama, for the sale and delivery of a commercial fertilizer, is declared void by statute, unless proper tags are affixed to the bags or packages when delivered (Code, §§ 141, 4154); and an action can not be maintained on a note given for the price, even by a *bona fide* purchaser for value without notice and before maturity.

4. *Stipulation in note for payment of costs of collection, including attorney's fee.*—Authorities cited on the question, whether a stipulation in a promissory note binding the maker to pay "all costs of collection, including attorney's fees," destroys its negotiability.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. JOHN MOORE.

This action was brought by the Hanover National Bank of New York, against J. C. Johnson & Co., a partnership composed of J. C. Johnson and R. L. Smith, and against the partners individually; and was commenced on the 17th September, 1887. In the original complaint, the plaintiff was described as "a corporation duly chartered and incorporated

under and by virtue of the laws of the State of New York;" but, by amendment filed after the reversal on the former appeal (88 Ala. 271), this description was struck out, and the words substituted, "a corporation duly chartered and incorporated under and by authority of the laws of the United States." The action was founded on two promissory notes, which were signed in the firm name, each being for $372, dated January 10th, 1885, at Dadeville, Alabama, and payable "to order of ourselves," one on November 15th, and the other on December 1st, 1885. The notes, as set out in the amended complaint, each contained a waiver of exemptions, and a stipulation for the payment of interest from maturity, at the rate of seven per cent. *per annum*, "with all costs of collection, including ten per cent. attorney's fees;" and an attorney's fee was specially claimed in the complaint.

Smith pleaded infancy, and the suit was dismissed as to him. Johnson filed several pleas in October, 1887, one of which was *nul tiel* corporation. On the second trial in March, 1890, the plaintiff moved to strike this plea from the files, because it was not verified by affidavit, and excepted to the overruling of this motion. Another plea filed by Johnson averred, "that said notes were given for the purchase of commercial fertilizers, sold to defendant at Dadeville, Alabama; that the same was in bags, and that no tags prepared by the Commissioner of Agriculture, and printed thereon the word *Guaranteed*, with year or season in which they were issued to be used, and a *fac simile* of the signature of the commissioner thereon [?], and that said sale was in violation of a penal statute of Alabama." The plaintiff demurred to this plea, "because it does not negative the averments of the complaint, as amended, that plaintiff became the holder and owner of said notes for valuable consideration, before the same were due, and that said notes were payable at a bank." The court overruled the demurrer, and the plaintiff then replied to said plea, "(1) that it denies the statements of facts therein set forth; (2) that plaintiff became the holder and owner of said notes by indorsement, for valuable consideration, before maturity, and without notice of any defense, or alleged defense against the same, and said notes are payable at the Bank of Opelika, a bank situated in the city of Opelika, Alabama; (3) that said notes were given for the purchase of fertilizers, and that said fertilizers were sold to defendants outside of the State of Alabama." The defendant demurred to "replications Nos. 2 and 3," as the demurrer is copied in the transcript; but the judgment-entry recites that the court "sustained the demurrer to replication No. 1, and overruled the demurrer to repli-

[Hanover National Bank v. Johnson.]

cation to No. 2; and thereupon issue was joined, as shown by the record."

On the trial, as the bill of exceptions states, the plaintiff read in evidence the two notes on which the action was founded, " which showed on their backs· that they were indorsed by J. C. Johnson & Co. to the Rialto Guano Company, of Baltimore, Md., and by said company to plaintiff;" and then introduced in evidence, " without objection, a copy of plaintiff's organization as a corporation, duly certified by the Comptroller·of the Currency of the United States, authenticated by his seal of office." The plaintiff also read in evidence the deposition of its cashier, who testified to· plaintiff's ownership of the notes, " and that the same were purchased for valuable consideration, before maturity, without notice, and in due course of trade. J. C. Johnson then. testified in his own behalf, " that the consideration of said notes was guano—that some time in October, 1884, he made a contract with one Wetzler for the purchase of said guano; that in January or February, 1885, he received a car-load of guano, at the depot in Dadeville, Alabama, consigned to J. C. Johnson & Co., from Atlanta, Georgia; that the freight was prepaid by the shippers; that none of the guano was tagged when he received it, but he received through the post-office, about twenty days afterwards, a package of guano tags, and put most of them on the guano before he sold it to farmers, but had sold some of it before he received said tags;" and further, that the written contract between himself and Wetzler, which he produced, " was executed by both parties at Dadeville, Alabama." The contract was dated at the head, " Atlanta, Ga., October 29, 1884," signed by S. A. Wetzler, and addressed to "J. C. Johnson & Co., Dadeville, Ala.;" and contained a proposal to sell them 25 tons, " and as much more as may be mutually satisfactory," of a named commercial fertilizer, at $31 per ton; to be delivered at Dadeville, and the purchasers' notes, payable in bank, to be executed on its delivery. The acceptance of the proposal by J. C. Johnson & Co., written at the bottom, is dated Dadeville, Ala., October 29th, 1884, and in these words: " Your offer is hereby accepted, upon terms and conditions stated in this contract."

" This being all the evidence," the court charged the jury, on request, that they must find for the defendant, if they believed the evidence. The plaintiff excepted to this charge, and here assigns it as error, together with the rulings on demurrer, and the refusal to strike the plea of *nul tiel* corporation from the files.

[Hanover National Bank v. Johnson.]

Thos. L. Bulger, for appellant.

W. D. Bulger, *contra.*

McCLELLAN, J.—There was no error in overruling the motion of plaintiff to strike out the plea of *nul tiel* corporation. The plea was held to be sufficient on the former appeal in this case, and it could not be vitiated by the subsequent enactment of the statute requiring such pleas to be verified. The statute should not be given a retroactive effect, so as to destroy the efficacy of steps already taken in a pending suit, though, as it relates only to the remedy, it would operate upon proceedings taken after its passage in a cause then pending.

The fact of the corporate existence and capacity of the plaintiff was, we think, proved, or, at the least, there was evidence adduced tending to establish it; so that the general charge for the defendant, which the court gave, can not find justification in the supposed absence of evidence on this point.

The case made by this record is not materially different from that presented on the former appeal, in respect to the place of the contract—whether made in this State or not—and we adhere to the conclusion then reached, that it was an Alabama contract, and void for non-compliance with the statute requiring certain classes of fertilizers to be analyzed and tagged before being sold, or offered for sale here; the statute, in express terms, declaring that "a sale or exchange of fertilizers not so tagged is void."—Code, § 141; *Johnson v. Hanover National Bank,* 88 Ala. 271.

The note sued on, issuing out of, and resting on a contract thus expressly declared to be absolutely void, can not be enforced even by a *bona fide* purchaser for value without notice and before maturity.—2 Rand. Com. Paper, §§ 517, 534, 557; 1 Dan. Neg. Instr., § 197; Byles on Bills, pp. 137–146.

The general charge, finding justification in the position last taken, it is unnecessary to determine whether the stipulation of the paper for the payment of "all costs of collection, including ten per cent. attorney's fees," destroys its negotiability. We may remark, however, that the authorities are in irreconcilable conflict on the point, with probably a preponderance in number and weight of argument supporting the proposition, that such stipulations involve such uncertainty and contingency as to the amount to be paid as destroys negotiability. The following are some of the cases which so hold: *Bank v. Bynum,* 84 N. C. 24; *Bank v. Jacobs,* 73 Mo. 35; *Johnson v.*

Vol. xc.

[Montgomery v. Crossthwait.]

*Speer*, 92 Pa. St. 227; *Maryland F. & A. M. Co. v. Joseph*, 60 Md. 584; *Bank v. Larsen*, 60 Wis. 206; while the following, among others, adopt the contrary view: *Nickerson v. Sheldon*, 33 Ill. 372; *Goar v. Banking Co.*, 11 Bush (Ky.) 180; *Hubbard v. Harrison*, 38 Ill. 323. [But see the next case below, *Montgomery v. Crossthwait.*]

The judgment of the Circuit Court is affirmed.