[Ala. Nat. Bank v. Parker & Co.]

# Ala. Nat. Bank *v.* Parker & Co.

## *Assumpsit.*

(Decided April 17, 1906.  40 So. Rep. 987.)

1. *Bills and Notes; Validity; Notes Given for Fertilizers; Bona Fide Holders.*—Negotiable notes given for the price of fertilizers not tagged as required by law, are invalid, even in hands of bona fide holder for value and without notice.

2. *Same; Action on; Defenses; Burden of Proof.*—Where the defendant sets up by way of plea, as an answer to a suit upon notes for the price of fertilizers, that the bags containing the fertilizer were not tagged as required by law, the burden of proof is on the defendant to show that the bags were not tagged.

3. *Same.*—Where the action is upon several notes given for as many different shipments of fertilizer, the fact that some of the bags of one shipment were not tagged, would not defeat a recovery upon notes given for the other shipments. Inquiry should be directed to the illegality, *vel non*, of the consideration in whole or in part, of each note separately.

4. *Evidence; Presumption of Fact.*—Evidence that tags were placed upon each sack at the time they were loaded and shipped raised no presumption that the tags were on the sacks when they were delivered.

5. *Sales; Delivery to Carriers.*—Where goods are bought f. o. b. cars at point of destination, the carrier is the agent of the seller and there is no sale until delivery at that point.

APPEAL from Marshall Circuit Court.

Heard before HON. J. A. BILBRO.

Action by the Alabama National Bank against C. C. Parker & Co.

This was a suit upon four promissory notes given to the Helm Bone Fertilizer Company by C. C. Parker & Co., negotiable and payable at the First National Bank of Gadsden, Ala., and before maturity sold to the Alabama National Bank. The defendant set up by way of plea that each note was given for commercial fertilizer

33

and that the said fertilizers were not tagged as is required by law; also that sacks containing the fertilizer were not branded, so as to show its contents and the commercial value of the fertilizers. The plaintiff demurred to these pleas, and as grounds of demurrer alleged that the complaint showed that the plaintiff was a bona fide purchaser for value without notice before maturity of the notes. The demurrers were overruled, and the plaintiff replied, setting up by way of replication that they were bona fide purchasers without notice before maturity, and were not aware of the illegality of the contract or of the defense set forth in the plea. Demurrers were sustained to these replications. The other facts sufficiently appear in the opinion.

In his oral charge the court said to the jury "that, if one sack of the fertilizer did not have the tag attached to it required by law when the fertilizers were bought f. o. b. Albertville, Ala., then they must find a verdict for the defendant." The court, at the request of the defendant, gave the following charges. Charge 1: "The court charges the jury that if every sack was tagged with a tag with the words printed thereon, 'Guaranteed, Alabama tag tax, 5 cents,' when it left Birmingham, yet if the tag was rubbed off one or more of said sacks before its delivery to Parker & Co., then the plaintiff cannot recover." Charge 2: "The court charges the jury that the burden of proof is upon the plaintiff to reasonably satisfy the jury that each and every sack of fertilizer for which the notes were given were tagged with a tag with the words printed thereon, 'Guaranteed, Alabama tag tax, 5 cents,' and delivered to Parker & Co. at Albertville." Charge 3: "The burden of proof is on plaintiff to prove that each and every sack of fertilizer was tagged with a tag with the words printed thereon, 'Guaranteed, Alabama tag tax, 5 cents,' when delivered to Parker & Co. at Albertville, and not on Parker & Co. to show that they were not so tagged." Charge 4: "If any of the sacks of fertilizer for which the notes were given were not tagged with a tag with the words printed thereon, 'Guaranteed, Alabama tag tax, 5 cents,' when it was de-

livered to Parker & Co. on board the cars at Albertville, then it makes no difference that Parker & Co. did sell such untagged sacks without putting such tags on them; and, if such were the facts of this case, your verdict should be for the defendant." There was jury and verdict for defendant, and plaintiff appealed.

GEORGE D. MOTLEY, for appellant.—The rule that he who alleges a fact must prove it, effects defenses generally were fraud or illegality is set up, for when a transaction is not on its face unfair or illegal, the burden is on the party who assails its fairness to substantiate his contention.—9 Cyc. 762; 16 Cyc. 930; *Starrett v. Mullin*, 2 L. R. A. 697. Illegality must be clearly proven against the bona fide purchaser for value without notice.—8 Cyc. 48 and note; *Newman v. Blades*, 54 S. W. 849. Want, failure or illegality of consideration must be proven by the party asserting it.—8 Cyc. 225; *Martin v. Foster*, 83 Ala. 213. The notes were prima facie evidence of indebtedness, and the defendant had the burden of showing to what extent the consideration was illegal.—*Wadsworth v. Dunham*, 117 Ala. 661; *Slaughter v. First National Bank*, 109 Ala. 157. If it appears in an action brought upon several notes that some of the notes were given for a legal consideration and others for an illegal one and separation is possible, the plaintiff may recover upon such as have a legal consideration.—*Frick v. Moore*, 82 Ga. 163; *Crookshand v. Rose*, 5 C. & P. 19; *Foreman v. Ahl*, 55 Pa. St. 325; 4 Am. & Eng. Ency. of Law (2nd Ed.) 193; 15 Ib. 991.

STREET & ISBELL and J. A. LUSK, for appellee.—The contract was entire, and if a single bag was not tagged, when delivered, the contract is vitiated.—§ 386, code 1896; *Wadsworth v. Dunham*, 117 Ala. 661; *Carrington v. Caller*, 2 Stew. 175; *Winn v. Wiseman*, 37 Ala. 46; *Pettit v. Pettit*, 32 Ala. 28. The contract being entire in the beginning, the plaintiff to have the benefit of any legal part of the contract, must separate and identify the legal from the illegal.

WEAKLEY, C. J.—The circuit court committed no error in sustaining the demurrer to plaintiff's replication to the special plea, which set up, as a defense to the notes sued on, a failure to have the bags of fertilizer tagged as required by law. The plea showing the notes rested on a void contract, the replication of bona fide purchase for value without notice was no answer to it. —*Hanover National Bank v. Johnson*, 90 Ala. 549, 8 South. 42. The burden of proof to sustain the special plea rested upon defendants. The plaintiff was not required as a part of its case to disprove the plea. The notes did not disclose any violation of the law, neither was there any illegality in the contract for the future delivery of the fertilizer. The plaintiff's evidence, coupled with the introduction of the notes, if believed by the jury, made out a prima facie case for the plaintiff, and entitled it to recover upon each and·every note, unless the jury were reasonably satisfied, from the evidence, of the truth of the averments of the special plea. —9 Cyc. 762, § 13; 15 Am. & Eng. Ency. Law (2d Ed.) 1016; *Wadsworth v. Dunham*, 117 Ala. 661, 671, 23 South. 699; *McCurry v. Gibson*, 108 Ala. 451, 460, 18 South. 806, 54 Am. St. Rep. 177. The circuit court, therefore, committed an error in placing the burden of proof in respect of the plea upon the plaintiff, as it did by giving charges 2 and 3, requested by the defendant.

The suit was brought upon several notes given for independent deliveries of fertilizer; and while a want of a tag upon a single sack would, upon the principles declared in *Wadsworth v. Dunham*, 117 Ala. 661, 23 South. 699, defeat a recovery upon the note of which that sack formed in part the consideration, yet this would not serve to defeat a recovery upon the other notes. Inquiry should be directed to the question of legality vel non of the consideration, in whole or in part, of each note, apart from the others.

The original contract of purchase for future delivery of the fertilizer was free from legal objection, and the agreements to pay money evidenced by the notes were separate and distinct, made for separate deliveries, and

on different dates. Vitiation of one might result without destroying the validity or efficacy of the others. It was erroneous to charge the jury that if one sack of the fertilizer did not have the tag attached to it, as required by law, when delivered to the defendants at Albertville, the verdict must be for the defendants. This, in effect, asserted that a failure to tag a single sack would defeat all the notes, although the jury might believe that every note but one was free from illegality or consideration.

The plaintiff's evidence tending to show that all of the sacks were tagged when placed in sealed cars at Birmingham, the jury might after that infer that the tags remained on the sacks when the cars were opened at Albertville and delivery made. There was evidence for the defendants tending to show that each car at the time of delivery had in it one or more sacks without tags. The controversy of fact thus presented was for the jury. There was no presumption, to be declared by the court, that the tags placed on the sacks at Birmingham remained on them at the time of delivery, and the court did not err in refusing, on plaintiff's request, to charge that such presumption existed. The fertilizer having been bought by the defendants f. o. b. the cars at Albertville, the contract was executory until the commodity was delivered to the purchasers at the point of destination. The carrier became the seller's agent to deliver, and until delivery there was no sale.—*Brown v. Adair*, 104 Ala. 652, 16 South. 439.

It may be that the special plea should be construed as averring that all the sacks of fertilizer were without the necessary tags, and that the averment would not be established by proof that one or more sacks, less than all, did not have the tags attached at the time of the sale. The plea is capable of amendment, before another trial, so as to conform it to the particular evidence on which the defendants went to the jury, and thus avert any claim of variance. As the judgment must be reversed on other grounds, we do not find it necessary to decide whether, upon this record, the plaintiff was entitled to

[E. C. Porter & Co. v. Loeb.]

the affirmative charge because of the variance, as claimed by counsel for appellant.

The foregoing disposes of the questions of importance argued by counsel, and will serve as a sufficient guide upon another trial.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.