# Coleman, *et al. v.* Kiernan.

*Bill to Enforce Vendor's Lien.*

(Decided April 6, 1909, 49 South. 230.)

1. *Vendor and Purchaser; Contract; Fraud; Evidence.*—One seeking to set aside a purchase of land on the ground of fraud of the vendor has the burden of establishing the fraud by clear and convincing proof.

2. *Same.*—Where there was a direct conflict in the evidence as to the fraudulent misrepresentation inducing the purchaser of the real estate, the fraud is not established by that clear and convincing proof essential to relief, although the number of witnesses testifying preponderated in favor of the person asserting the fraud, since his

[Coleman, et al. v. Kiernan.]

evidenec was not entirely free from conflict, and there were corroborating circumstances as to each contention.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Terry S. Kiernan against Gaines Coleman and others to enforce a vendor's lien, to which respondent filed an answer and cross bill setting up fraud and misrepresentation on the part of the vendor. From a decree for complainant, respondents appeal. Affirmed.

JOHN E. MITCHELL, for appellants. The right to rescission or cancellation because of fraudulent misrepresentation must be established by clear and convincing proof. So also upon discovering falsity of the misrepresentation the party must act promptly to avail himself of the right of rescission. The mere fact, however, that appellant waited before suing for nearly two years and a half would not of itself preclude relief if the case was one calling for relief.—*Pratt L. & I. Co. v. McLean,* 103 Ala. 459; *Orendorf v. Tallman,* 90 Ala. 442; *Hancy v. Legg,* 129 Ala. 626. Laches being defensive matter need not be negatived by the bill.—*Pratt L. & I. Co. v. McClain, supra.* Where it does not appear in the face of the bill it must be made by plea or answer.—*Scruggs v. Decatur M. & L. Co.,* 86 Ala. 173. The allegation in the cross bill of fraud and misrepresentation were sufficiently averred as specific facts.—*Orendorf v. Tallman, supra; Baker v. Maxwell,* 99 Ala. 564.

FREDERICK G. BROMBERG, for appellee. The allegation of fraud and misrepresentation comes too late.—*Smith v. Robertson,* 23 Ala. 312; *Howle v. Birmingham L. Co.,* 95 Ala. 389.

DOWDELL, C. J.—The bill is for the enforcement of a vendor's lien on land. The answer admits all of the

material allegations of the bill as to the execution of the deed by the vendor and the giving of the purchase-money note by the respondents; but in paragraph 8 of the answer fraud and misrepresentations on the part of the complainant are set up as a defense, and this paragraph is made a cross-bill by the respondents, and on the fact therein alleged it is prayed that the purchase-money note and the deed executed by the complainant to respondents be canceled. The case was heard by the chancellor on the bill, answer, cross-bill, and answer thereto, and the proof, and a final decree was rendered in favor of complainant.

The answer to the cross-bill denies the allegations of fraud and misrepresentation, and the burden of establishing the charges by clear and convincing proof was upon the cross-complainants. The question here argued by counsel is chiefly one of fact, based on the evidence; the issue being that of fraud vel non, made by the cross-bill and answer thereto. In *Howle v. North Birmingham Land Co.*, 95 Ala. 389, 11 South. 15, a case similar in principle to the one before us, it was said by this court, speaking through Walker, J.: "The right to the rescission or cancellation of a contract because of fraudulent misrepresentations must be established by clear and convincing proof. A court of equity cannot grant such relief upon a probability, or even upon a mere preponderance of evidence. The representations themselves and that they were falsely and fraudulently made, must be clearly established."

There was a direct conflict in the evidence as to the making of the alleged fraudulent misrepresentations in this case, and, while the preponderance as to number of witnesses was in favor of the cross-complainants, yet their evidence was not entirely free from conflict, and, besides, there were corroborating circumstances on both

sides. A careful consideration of all of the evidence - fails to satisfy us that the cross-complainants have come up to the full measure of the doctrine stated in the *Case of Howle, supra*. We concur in the view expressed in the opinion of the learned chancellor, accompying the decree rendered by him, and in his conclusions. The decree will be affirmed.

Affirmed.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.