[Birmingham Trust & Savings Co. v. Curry, et al.]

# Birmingham Trust & Savings Co. v. Curry, *et al.*

## Action on Note.

• (Decided April 22, 1909.   49 South. 319.)

1. *Bills and Notes; Pleading; Variance.*—Where the action was on a note by the endorsee thereof and the defense is illegality of the note because· upon a cotton future contract made by defendant with plaintiff, there is variance fatal to recovery where the evidence shows that the contract was made between defendant and other parties with whom plaintiff had no connection.

2. *Bills and Notes; Bona Fide Purchaser; Gambling Contract.*— Notes given for a gambling consideration, or on a gambling contract, are void not only between the parties, but also as to innocent purchasers for value, and it matters not what form the contract may assume, whether a note or bill of exchange, it is void though negotiable before maturity for value and without notice.

3. *Same; Evidence.*—Where the action is on a note by an endorsee against the maker thereof and the defense is that the note was illegal as based on a gambling contract, any circumstances or facts from which knowledge or consent of the payee as to the transaction could be reasonably inferred is competent evidence.

4. *Evidence; Similar Transactions.*—It was competent to prove similar transactions with others done with the payee's knowledge and consent, where the action was on a promissory note, and the defense was that the note was illegal because based on a gambling transaction.

5. *Gaming; Gambling Transaction; Wager Contract.*—Contracts for the sale of future cotton where the actual delivery of the cotton is not contemplated by the parties and where it is understood that the contract may be satisfied by the payment of the difference between the agreed price and the price of the cotton at the time of contemplated delivery, are void as wager contracts.   (Section 3338, Code 1907.)

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by Birmingham Trust & Savings Company as endorsee and transferee on a certain promissory note against W. W. Curry and others, as makers.   Judgment for defendant and plaintiff appeals.   Reversed and remanded.

[Birmingham Trust & Savings Co. v. Curry, et al.]

STREET & ISBELL, for appellant.—Evidence of other transactions were not admissible.—*Martin v. Smith,* 116 Ala. 639; *Oden v. Rippetoe,* 4 Ala. 68; *Smith v. Rodgers,* 1 S. & P. 322. The portion of the oral charge excepted to is erroneous. Charges 1, 2, and 4 given at defendant's request were erroneous.—*Haley v. Bibb,* 69 Ala. 52; *Pearson v. Hooper,* 43 South. 576; 14 A. & E. Ency of Law, 638 and note. Refused charges 2, 4, 8 and 12 should have been given.—*Hooper v. Knuckles,* 39 South.; *Crawford v. Spence,* 1 Am. St. Rep. 761; 198 U. S. 326. Refused charge 6 should have been given.—*Lee v. Boyd,* 86 Ala. 283.

GOODHUE & BLACKWOOD, for appellee.—Every fact and circumstance which tended to show knowledge of the Hoopers of the character of the transaction was admissible.—20 Cyc. 964; 24 Cent. Dig. 101; 14 A. & E. Ency of Law, 620; 167 Ill. 388; 164 Mass. 54.

DOWDELL, C. J.—This is an action by the indorsee of a promissory note against the makers of the note. It appears from the recitals in the judgment entry that issue was made up and the case tried on defendant's pleas numbered 4 and 5. In each of these pleas illegality of consideration is set up as a defense. It is averred that the note is based on a transaction commonly known as "cotton futures," in which no delivery of cotton was contemplated by the parties, but only the settlement of winnings and losings resulting from fluctuations in the market. It is also averred in each of said pleas that the "cotton future" contracts were made by the defendant Curry, or for his benefit, with the "plaintiff."

The plaintiff made out a prima facie case upon the introduction in evidence of the note sued on. The bur-

[Birmingham Trust & Savings Co. v. Curry, et al.]

den was then shifted to the defendants to prove thir pleas. In this the defendants failed. The averment that the cotton contract was made with the plaintiff was a material fact in issue. There was no evidence of any such contract made by or with the plaintiff; but the evidence showed that the alleged contract was made with other and different parties, and with which the plaintiff had no connection. This was a fatal variance between the averment in the plea and the proof. On this the plaintiff was entitled to the general charge requested, and the court erred in its refusal. This compels a reversal of the judgment, and the remandment of the cause for another trial. There are other questions presented by the record, which will doubtless arise on another trial, and we will therefore here state the general principles which, we think, are applicable in the case, and that will serve to guide on another trial. Section 3338 of the Civil Code of 1907, vol. 2, which is the same as section 2163 of the Code of 1896, reads as follows: "All contracts, founded in whole or in part on a gambling consideration, are void; and any person who has paid any money, or delivered anything of value, lost upon any game or wager, may recover such money, thing, or its value, by action commenced within six months from the time of such payment or delivery." The New York statute relating to wager contracts, which is pleaded in this case, like our statutes, makes the contract void. It has been definitely determined by this court that contracts for the sale and purchase of "future cotton," in which actual delivery of the goods is not contemplated by the parties, and where it is the understanding that the contract may be satisfied by the payment of the difference between the agreed price and the market price at the time of delivery, are wager contracts and fall under the ban of the statute. It is likewise well settled

that such contracts so expressly declared void by the statute are not only void as to the parties, but also as to innocent purchasers for value. It is immaterial what shape or form the contract may assume, whether a promissory note governed by the commercial law, or a bill of exchange, the illegal consideration denounced by the statute renders it void, although negotiated before maturity in the usual course of business to an innocent purchaser for value.—*Hawley v. Bibb,* 69 Ala. 52, and cases there cited. See, also, cases cited in note to section 3338, Code 1907.

It is conceded that the note sued on was given for money lost by the defendant on future contracts in cotton. The transactions in which the money was lost were had with parties in New York, and were carried on by A. B. Hooper, acting as agent or broker for the defendant Curry, and in said transactions A. B. Hooper used the name of his father, J. F. Hooper, the payee of the note here sued on. It is a question in the case whether these transactions were had with the knowledge and consent of J. F. Hooper. If so, and the transaction was a wager contract as defined, then the note sued on is void, and no recovery can be had on it. In determining the question of fact as to J. F. Hooper's knowledge of the required margins, any circumstance or fact from which such knowledge or consent could be reasonably inferred would be relevant and competent evidence. In this connection it would be competent to show similar transactions with others done with his knowledge and consent. On the other hand, if the transactions were without the knowledge and consent of J. F. Hooper, and the note was given for repayment of money of his, which had been wrongfully applied by A. B. Hooper and lost in the staking of margins on a gaming contract at the instance, and for the benefit of the defendant, the consideration

in such case would be unaffected with the illegality of the wager.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, MCCLELLAN, and SAYRE, JJ., concur.