# Drew, *et al. v.* Ft. Payne Co.

*Bill to Foreclose Mortgage, With Intervention.*

(Decided April 16, 1914. 65 South. 71.)

1. *Bankruptcy; Trustee; Right to Intervene.*—The right of a trustee in bankruptcy to intervene in a case pending in the courts of this state is to be determined under and by the practice and rules of the state court.

2. *Same; Premature Proceedings.*—A trustee in bankruptcy acts prematurely in assuming to proceed as a party in a cause in the state court before permission granted to intervene in the court either affirmatively or tacitly, and papers filed by him in such court may be stricken out on motion.

3. *Intervention; Parties; Proceedings.*—One seeking to intervene in a pending cause must apply to the court having jurisdiction of the cause for permission to file a petition of intervention, of which the parties to the suit must have notice, and where it appears from the face of the application that a case is made for intervention, leave to file such petition should have been granted.

4. *Pleadings; Amendments; Leave of Court.*—The filing of a second answer and cross bill without giving notice, and without leave of the court first had and obtained under section 3126, Code 1907, is unauthorized and the pleading is properly stricken.

5. *Appeal and Error; Harmless Error.*—A party cannot complain of the action of the court in striking a pleading filed as an answer to his pleading.

6. *Corporations; Foreign; Mortgages.*—A purchase money mortgage executed to one as trustee for a foreign corporation is enforceable in this state, notwithstanding such incorporation has not secured a license to do business in this state.

7. *Mortgages; Fraud; Burden of Proof.*—On relying on the fraudulent representation as to the title of real estate conveyed to defeat foreclosure of the purchase money mortgage has the burden of allegation and proof of fraudulent representation by clear statement and convincing evidence.

[Drew, et al. v. Ft. Payne Co.]

APPEAL from DeKalb Chancery Court.
Heard before Hon. W. H. SIMPSON.

Bill by the Ft. Payne Company against E. C. Drew, trustee, and others, in which a trustee in bankruptcy of a party respondent sought to intervene. From a decree denying intervention and granting relief, respondent and the trustee in bankruptcy appeals. Affirmed.

C. B. POWELL, for appellant. In paying commission a fraud was being perpetrated on the buyer which complainant well knew.—*McDowell v. Rigney,* 108 Mich. 276. The court erred in striking the pleading and the motion of the trustee from the file.—8 Collier on Bankruptcy, 224, 804 and 843. The trustee was entitled to plead to the jurisdictioin or make any defense which any other creditor could affirmatively assert.—8 Collier on Bankruptcy, 222 ; 56 Ga. 150; 58 N. Y. 56; 12 Wall. 397. The mortgage is void under the statutes because given to a foreign corporation, and the trustee in bankruptcy has a right to assert this defense.—Authorities supra.

R. C. HUNT and LUKE P. HUNT, for appellant. For former appeal see *Baxter v. Ft. P. Co.,* 62 South. 42. The court will not consider testimony not noted by the register on submission, and objection to testimony not made will not be considered.—*Harper v. T. N. Haynes Co.,* 149 Ala. 178. The trustee is in the same position as a purchaser pendente lite.—27 Cyc. 1572; 91 U. S. 521; 103 U. S. 68; 186 N. Y. 60; *Stein v. McGrath,* 128 Ala. 181. The state rules of pleading and practice govern where a trustee in bankruptcy seeks to intervene in a cause pending in the state court.—6 Am. Bankruptcy Reports, 409; Collier on Bankruptcy 224. Where the allegation of fraud and misrepresentation is denied the

affirmant has the burden both in the pleadings and the proof.—*Coleman v. Kiernan,* 159 Ala. 545; *Howell v. N. Bir. L. Co.,* 95 Ala. 389.

McCLELLAN, J.—This bill was filed, April 28, 1911, by the Fort Payne Company to foreclose a purchase-money mortgage given to it by E. C. Drew and Louisa H. Drew. The Drews and the Fort Payne Fuel & Iron Company were made parties defendant. On May 2, 1911, after notice to all respondents and appearance by all parties, through their respective solicitors, the register appointed a receiver as prayed in the bill. E. C. Drew effected a review of the register's action by the chancellor; and the chancellor affirmed the action of the register, on May 1, 1911. The respondents filed, on September 22, 1911, a motion to strike certain parts of the original bill, and upon hearing before the chancellor this motion was overruled on October 26, 1911. In this order it was provided that "respondents are allowed until Monday, October 30, 1911, at 12 o'clock noon, within which to answer the bill of complaint, and if the answer is not filed by that time, the complainant may apply to the register for decree pro confesso." At 11 o'clock a. m., October 30, 1911, the respondents filed their answer to the original bill; and made their answer a cross-bill. In this pleading respondents alleged fraudulent misrepresentations by the Fort Payne Company that it owned in fee all the lands and personal property and had a good right to sell the same, and that a great deal of the property described in the conveyance did not belong to the Fort Payne Company; much of that to which the Fort Payne Company had no title or right being greatly improved. It was also alleged that the respondents had paid, approximately, $29,000 on the purchase price, and that they had expended $40,000 in

the improvement of the property, before the falsity of the representations indicated was discovered. Offer was therein made to pay the balance of the purchase money upon the perfection of the grantor's (mortgagee's) title. Included in the prayer of the cross-bill is this: That if the title be not perfected, the complainants in the cross-bill be reimbursed in the aggregate of the two sums before mentioned, and that a lien therefor be established upon the real and personal property which the Fort Payne Company had good right to sell. On October 31, 1911, the respondent in the cross-bill (the Fort Payne Company) filed demurrer and answer thereto. It thus appears that the cause on both original and cross-bill was at issue. The deposition of F. H. Eaton, president of the Fort Payne Company was taken on November 6, 1911. While no date of the taking of the testimony of E. C. Drew and others has been found in the transcript, apparently these depositions were taken before November 20, 1911. The Fort Payne Fuel & Iron Company was adjudged a bankrupt, by the District Court of the United States, on October 16 (or 19), 1911, and J. M. Baxter was constituted the trustee in bankruptcy. On November 20, 1911, a consent decree was entered in the bankrupt court; wherein it was stipulated that the trustee was accorded the option to intervene in this cause; and, if he decided to intervene, he should be allowed 60 days, after the expiration of 20 days from the date of the consent decree in the bankruptcy court, in which to prepare this case for trial, and that this cause should be submitted for decree in vacation at the expiration of the 80 days from the date (November 20, 1911) of the consent decree. On December 21, 1911, an order was entered in the chancery court allowing the trustee to intervene. This order allowing intervention by the trustee stipulated that the intervener might come

.in to "defend the suit, and for this purpose he may file an answer within 20 days from this date, and take evidence as [he] may be advised will be to the interest of the trust estate," and requiring the submission of the cause at the expiration of 80 days from the date of the consent decree in the bankruptcy court, viz., November 20, 1911. Previous to the date of this order, made December 21, 1911, the trustee had filed in the chancery. court demurrer to the original bill and a motion, or motions, to strike the answer, and cross-filed for the respondents, of whom the Fort Payne Fuel & Iron Company was one, to suppress depositions already taken. in the cause, and to have the property in the hands of the receiver turned over to the trustee in bankruptcy. The chancery court, in response to the original complainant's motion, struck from the file these papers filed by the trustee in bankruptcy, expressing its conclusion in this respect in the mentioned decree of December 21, 1911, just preceding the order allowing the trustee to intervene.

The consent decree entered in the bankruptcy court did not of course effect, as it did not purport to even undertake, to constitute the trustee a party, in any sense, to the cause then and theretofore pending in the chancery court. It seems necessary, under the practice in the bankruptcy court, that a trustee be given the consent of such courts to intervene in a state court in a cause therein pending against the bankrupt.—Collier on Bank. (8th Ed.) pp. 221, 222. But the right of a trustee to intervene in such a pending cause is to be heard in and determined under the practice and rules of the State Court.—Collier on Bank. (8th Ed.) pp. 223, 224; *Bank of Commerce v. Elliott,* 109 Wis. 648, 85 N. W. 417, 6 Am. Bankr. Rep. 409; 5 Cyc. p. 378; *Nat. Dis. Co. v. Seidel,* 103 Wis. 489, 79 N. W. 744.

In this state a person proposing to intervene in a pending cause should petition the court having jurisdiction of the cause in which he would intervene, praying to be allowed to file a petition of intervention, of which parties to the suit should have notice. If from the face of the application it appears that a case is made for intervention, leave should be granted to the applicant to file his petition for intervention. Upon hearing of this petition, the court will determine whether the petitioner shall be allowed to intervene.—*Ex parte Gray,* 157 Ala. 358, 47 South. 286, 131 Am. St. Rep. 62.

It is manifest that papers undertaken to be filed in this chancery cause, by the trustee before that court had, either affirmatively or tacitly, allowed the trustee to intervene, were well subject to be stricken by the court in which the trustee, not yet recognized as a party to the cause, assumed to proceed as a party thereto, and so without regard to the real merits of any contention his premature assertions of right or remedy contained.

Subsequent to the admission of the trustee as a party respondent, the trustee filed demurrer and answer and cross-bill. The demurrer was overruled by the chancellor; and on the trustee's appeal that action of the chancellor was affirmed.—*Baxter v. Fort Payne Co.,* 182 Ala. 249, 62 South. 42.

There was no error in striking the *second* answer and cross-bill of E. C. Drew, as shown by the decree of May 13, 1913, no notice thereof having been given, and no leave of the court having been granted to file it.—Code, § 3126. The effect of the order striking the paper was to only eliminate it as respected the original bill, leaving it as a response to the cross-bill filed by the trustee.

Apart from these considerations, the only appellant assigning errors being the trustee in bankruptcy, any unfavorable disposal of an *alleged* cross-bill (of Drew)

filed to the cross-bill of the trustee in bankruptcy could not be ground of complaint by the trustee in bankruptcy.

There is no merit in the contention that the mortgage was unenforceable and void because of the failure of the Fuel & Iron Company, a foreign corporation, to secure a license in this state, even if it were assumed (for the occasion only) that Drew was trustee for the corporation.—*Brooklyn Ins. Co. v. Bledsoe,* 52 Ala. 538; *Alexander v. Ala. Western Ry.,* 179 Ala. 480, 60 South. 295.

It was asserted against the granting of the relief sought in the original bill that fraudulent misrepresentations were made as to the title of the grantor (mortgagee) to parts of the large property described in the conveyance and in the mortgage back. The burden of proof assumed by the allegation stated was to sustain it by clear and convincing evidence.—*Coleman v. Kiernan,* 159 Ala. 545, 49 South. 230. A review of the evidence bearing on the issue thus raised fails to convince this court that the burden was discharged.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.