# Jones v. Martin.

Assumpsit.

(Decided January 30, 1917. Rehearing denied April 30, 1917.
74 South. 761.)

1. **Corporations; Foreign; Doing Business; Stock Sales.**—The sale of corporate stock by a foreign corporation is the exercise of a corporate function within § 232, Constitution 1901, and § 3642, Code 1907, and a sale by an agent for the corporation within the state is transacting business in the state within the provisions of § 3644-5, Code 1907.

2. **Bills and Notes; Complaint; Negotiability.**—Where a complaint on a note does not, on its face, disclose that the note sued on is negotiable, the fact that the pleas do not aver that plaintiff had notice of the defense set up when he acquired the note does not render them demurrable.

3. **Same; Innocent Holder; Foreign Corporation; Place of Business.**—A note given to a foreign corporation which has no known place of business or designated agent within the state as required by the Constitution and statute, can be enforced by an innocent holder though not by the corporation, since such transaction is not made void ab initio.

4. **Same.**—A note given in consideration of a sale of corporate stock by a foreign corporation which had not procured a permit to do business as required by our statute cannot be enforced by an innocent holder, since the statutes make all contracts either by or to such corporations null and void.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by T. R. Jones against W. F. Martin on a promissory note. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The note sued on was executed by Martin to one Hendricks, and by Hendricks assigned to Jones. Defendant filed five pleas: First, the general issue; second, that the consideration for the note sued on was for the purchase of stock of a foreign corporation, and that said corporation by its agent came into Alabama and sold the stock to Martin, for which the note was executed as the purchase price, and that this constituted the doing of business in the state of Alabama, and that the foreign corporation did not have a known place of business, and a designated agent in this state. The third plea set up the same facts as established, and alleged that at the time of the sale said corporation did not have a permit to do business in the state of Alabama. The fourth plea set up that the execution of the note was obtained by false pretense and false representation. The fifth plea was for want of consideration.

M. B. BYRD and A. E. PACE, for appellant. ESPY & FARMER, for appellee.

BROWN, P. J.—(1) We entertain no doubt that the sale of its corporate stock by a foreign corporation is the exercise of a corporate function within the meaning of section 232 of the Constitution and section 3642 of the Code of 1907; and that such sale made in this state by an agent of the corporation, for the corporation, is engaging in or transacting business in this state within the meaning of section 3644, 3645, of the Code.

(2) The complaint, on its face, does not declare on a negotiable note, and the defendant's pleas were not subject to demurrer because they did not aver that the plaintiff had notice of the defense thus set up when he acquird the note.—*Weinstein, et al. v. Citizens' Bank,* 13 Ala. App. 552, 69 South. 972. The pleas were not subject to the stated grounds of demurrer, and the ruling of the court was free from error.—Code 1907, § 5340.

The plaintiff, without filing a general replication to pleas 2, 3, 4, and 5, replied specially that the plaintiff purchased the notes sued on before maturity, for value, in the usual course of business, and without notice of any infirmity in the instruments or defect in the title of the person negotiating them. The court sustained a demurrer to this replication in so far as it applied to pleas 2 and 3.

(3) The purpose of section 232 of the Constitution, and sections 3642-3645, Code 1907, is to compel foreign corporations

[Jones v. Martin.]

to submit themselves to the jurisdiction of the courts of this state as a prerequisite to their right to invoke the equal protection of the law in the enforcement of obligations arising out of intrastate business transacted by them in this state. While the law penalizes offending corporations and their agents, contracts entered into by the corporation in this state are not declared void by the Constitution or these statutes. While such contract is not void, the courts of the state will not allow the corporation or any one involved in the guilt of violating the public policy of the state, as evidenced by the Constitution and statutes, to enforce the contract.—*Citizens' National Bank v. Bucheit,* 14 Ala. App. 511, 71 South. 82; *Alexander v. Ala. Western Ry. Co.,* 179 Ala. 480, 60 South. 295; *Drew v. Ft. Payne Co.,* 186 Ala. 285, 65 South. 71; *Sunflower Lumber Co. v. Turner,* 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20.

The note sued on issuing out of and resting upon a contract not void ab initio was not subject to the defense that the transaction in which the note was given was by a foreign corporation in violation of section 232 of the Constitution, and sections 3642-3646, Code 1907.—*Citizens' Nat. Bank v. Bucheit, supra.* The court, therefore, erred in sustaining the defendant's demurrers to the replication to plea 2.

(4) A different question is presented by the defendant's plea 3. This plea avers that the note was given in consideration of a sale of corporate stock by a foreign corporation in this state, and at the time of such transaction the corporation "had not procured from the secretary of state of the state of Alabama a permit admitting it to do business in the state of Alabama," as required by sections 3651-3653 of the Code, the latter of which provides:

"No such corporation, its agents, officers, or servants, shall transact any business for or in the name of such corporation within the state of Alabama without having first procured said permit, and all contracts, engagements, or undertakings or agreements with, by, or to such corporation, made without obtaining such permit, shall be null and void."

Under the uniform holding of the Supreme Court of this state, a negotiable note, "issuing out of, and resting on a contract thus expressly declared to be absolutely void, cannot be enforced even by a bona fide purchaser for value without notice." —*Hanover Nat. Bank v. Johnson,* 90 Ala. 549, 8 South. 42; *Ala.*

*Nat. Bank v. Parker & Co.,* 146 Ala. 513, 40 South. 987; *White-head v. Coker,* 76 South. 484; *Birmingham Savings Co. v. Curry,* 160 Ala. 370, 49 South. 319, 125 Am. St. Rep. 102; *Moog v. Hannon,* 93 Ala. 503, 9 South. 596; *Bozeman v. Allen,* 48 Ala. 512; *Saltmarsh v. Tuthill,* 13 Ala. 390.

In passing upon this question in *Citizens' Nat. Bank v. Bucheit, supra,* we felt that we were bound by the holding in *Drew v. Ft. Payne,* 186 Ala. 285, 65 South. 71; but on further consideration of the question and the holding in that case, in the light of the subsequent holdings of the Supreme Court, it is manifest that the question was not presented in the *Drew Case,* and that the court was not considering the effect of the statute quoted above. See *Ex parte Banks,* 185 Ala. 275, 64 South. 74; *Douglass v. Standard Real Estate Co.,* 189 Ala. 223, 66 South. 614. The holding on this point in *Citizens' Nat. Bank v. Bucheit, supra,* was unsound, and that case is modified to conform to the views above stated.

The replication was not an answer to the defendant's plea 3, and the demurrers were properly sustained.

As the case must be reversed, and, as the issues will necessarily be different on another trial, what we have here said will be a sufficient guide for another trial.

Reversed and remanded.