(98 South. 787)

PAUL et al. v. W. G. PATTERSON CIGAR CO. (6 Div. 58.)

(Supreme Court of Alabama. Jan. 17, 1924.)

Bills and notes &#9753;375—Good defense against holder in due course that part of consideration was foreign corporation's doing business in state without compliance with statute.

Though plaintiff be a holder in due course of trade acceptances given by defendant to J., a foreign corporation, a good defense to action thereon is set up by plea that part of the contract, under which J. sold cigars to defendant and under which the acceptances were given, was that it should sell the cigars by its agents from defendant's stock in defendant's store in the state, and that it did so without compliance with Code 1907, §§ 3642, 3651, 3653, necessary for doing business in the state; plaintiff standing in the shoes of J., the contract not being severable, and it being necessary for plaintiff to show the illegal transaction.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action on bills of exchange, or trade acceptances, by Benjamin G. Paul and others against W. G. Patterson, doing business under the name and style of the W. G. Patterson Cigar Company. Following adverse rulings on the pleadings, plaintiffs take a nonsuit and appeal. Affirmed.

Ritter, Wynn & Carmichael, of Birmingham, for appellants.

The illegal feature of the contract set up in plea C can be separated from the remainder, and the contract thus separated be enforced. Denson v. Ala. F. & I. Co., 198 Ala. 383, 73 South. 525; T. W. Rawleigh Co. v. Walker, 16 Ala. App. 232, 77 South. 70; 2 Page on Contr. 1103. The indorsees of the bills of exchange were holders in due course; an oral agreement between the original parties could not vary the terms of said bill. Vogler v. Manson, 200 Ala. 351, 76 South. 117; Brannan's Neg. Inst. 98; Day v. Thompson, 65 Ala. 269; Ford v. So. Motor Co., 208 Ala. 170, 93 South. 902; 22 C. J. 1092.

Thos. J. Judge, of Birmingham, for appellee.

The contract set up in plea C was in violation of the statutes, and void in the hands of a holder in due course. Code 1907, §§ 3642, 3652, 3653; Jones v. Martin, 15 Ala. App. 675, 74 South. 761; Cheney v. Mass., 246 U. S. 154, 38 Sup. Ct. 295, 62 L. Ed. 632; Whitehead v. Coker, 16 Ala. App. 165, 76 South. 484; Bowdoin v. Ala. Chem. Co., 201 Ala. 582, 79 South. 4; 8 C. J. 768. In order to recover, plaintiffs would have to introduce evidence of an illegal consideration; the contract was indivisible. Walker v. Gregory, 36 Ala. 180; Amer. Am. Co. v. East Lake Co., 174 Ala. 526, 56 South. 961.

THOMAS, J. The plaintiffs below took a nonsuit by reason of the adverse rulings of the court in overruling demurrers to special pleas. The complaint was amended, so as to make the action against the defendant "W. G. Patterson, an individual doing business under the name and style of W. G. Patterson Cigar Company."

The assignments of error challenge the overruling of demurrers to pleas of several classes—2, 3, 6, 11 to 17, inclusive, and to A and C. The nature of the several classes of pleas may thus be stated generally, viz.:

&#9753;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2, 3, 6, 11, and 17 presented the want of consideration; 12, 13, and 16, failure of consideration and other matters of fact to that end included therein; pleas 14 and 15 presented the defense of fraud arising out of the facts stated; and plea C set up the fact of a foreign corporation doing business in the state without having complied with the statute, etc.

The judgment entry fails to state the exact ruling (in overruling demurrers) to pleas which necessitated the nonsuit with a bill of exceptions under the statute. Paterson & Edey Lbr. Co. v. Bank of Mobile, 203 Ala. 536, 84 South. 721, 10 A. L. R. 1037. While the judgment entry did not indicate which of the several rulings on demurrers to pleas necessitated the nonsuit, it is safe to say that it was at least the last ruling, in not sustaining demurrer to plea C, since, if the plea be well pleaded and supported by the evidence, the controversy would have been at an end and in defendant's behalf.

Plea C avers that the several instruments declared on in the several counts of the complaint were given by the defendant to the John Steigerwald Cigar Company, Inc., the indorser of said instruments; that at the time the same were accepted and prior thereto it was a foreign corporation, which had never complied with the provisions of sections 3642, 3651, and 3653 of the Code of 1907, and same are null and void. The plea further proceeds as follows:

"That prior to the acceptance of these instruments the cigar company sold to defendant a lot of cigars, with the understanding and agreement on the part of the cigar company that it would employ and place a man in defendant's store in Birmingham, Ala., and pay him a salary to sell to retailers in Alabama the cigars so purchased by defendant, said cigars to be sold and delivered from the cigars in defendant's store, and the defendant was not to pay the cigar company for the cigars until so sold by the employee of the cigar company as aforesaid; that it was also agreed that the defendant should accept trade acceptances for the price of said cigars payable at some future time, which said trade acceptances were to be renewed or substituted by other trade acceptances by defendant for the same amount and payable at a further time than the original acceptances; that in pursuance of this agreement the cigar company shipped said cigars to the defendant and employed a salesman or salesmen who sold and delivered to customers in Alabama from the store of defendant some of the cigars so purchased by defendant; that at a time when this agreement was in effect, and while the said employee or employees of the cigar company was selling said cigars as aforesaid, and while the cigar company had not complied with above-mentioned sections of the Code and were not authorized to transact business in Alabama, the defendant accepted the instrument sued on in pursuance of his agreement with the cigar company, which instruments were to substitute or renew other similar acceptances accepted by defendant given in consideration of the agreement set out herein, which latter trade acceptances were due and payable in October, 1921."

These averments set up substantial facts as they existed in Cheney Bros. Co. v. Commonwealth of Massachusetts (Northwestern Consolidated Milling Co.), 246 U. S. 154, 38 Sup. Ct. 295, 62 L. Ed. 632, 637. See Commerce, 1, 6, IV, 6, 1, in Digest Sup. Ct. 1908. If the plaintiffs cannot discharge their burden of proof without evidence of an illegal or void transaction or act this will not discharge that burden which is upon them. Walker v. Gregory, 36 Ala. 180; Gen. Elec. Co. v. Town of Fort Deposit, 174 Ala. 179, 184, 56 South. 802. The John Steigerwald Cigar Company, Inc., in order to sustain its contention, would be required to prove a compliance with the contract—that it sold the cigars by its agents and from defendant's stock—to show performance of the illegal contract. And plaintiffs' rights cannot be established and enforced without the aid of the illegal transaction (Yarborough v. Avant, 66 Ala. 526; Sales-Davis Co. v. Henderson-Boyd Lbr. Co., 193 Ala. 166, 69 South. 527)—the doing of business within the state in violation of the statute. The contract set up by the plea was not severable—the legal from the illegal. Assuming that appellants are holders in due course of the instruments sued on, they would have to "stand in the shoes" of the John Steigerwald Cigar Company, Inc. Hanover Nat. Bank v. Johnson, 90 Ala. 549, 8 South. 42; Moog v. Hannon, 93 Ala. 503, 9 South. 596; Alabama Nat. Bank v. Parker & Co., 146 Ala. 513, 40 South. 987; Birmingham T. & S. Co. v. Curry, 160 Ala. 370, 49 South. 319, 135 Am. St. Rep. 102; Bluthenthal & Bickart v. City of Columbia, 175 Ala. 398, 57 South. 814; Jones v. Martin, 15 Ala. App. 675, 677, 74 South. 761, and authorities, 3 A. L. R. 102, note; 8 C. J. p. 768, § 1033. The defense set up by plea C was a bar to a recovery under either count of the complaint.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.