INGRAM, Justice.
Twentieth Century Marketing, Inc., sued Jerry Scott Taylor, a former employee, alleging that Taylor had breached a fiduciary duty to Twentieth Century and that he had violated his agreement not to compete with Twentieth Century after he was no longer employed by the company. During his employment with Twentieth Century, Taylor was responsible for the company’s contract to act as the sales representative for Nissei Sangyo America, Ltd. (NSA), in its business dealings with the Chrysler Corporation. NSA, an Illinois-based electronics importer with operations in Alabama, sells cassette tape player mechanisms to Chrysler for installation at Chrysler’s plant in Huntsville, Alabama.
In an attempt to gain more information about NSA’s business dealings with Chrysler, Twentieth Century deposed Hideo Wa-kashita, an employee of NSA. Wakashita appeared voluntarily for the deposition, which was taken in Chicago, Illinois. During the deposition, however, a dispute arose regarding the confidentiality of certain information sought by Twentieth Century. Wakashita’s counsel instructed him not to answer questions calling for information that NSA believed to constitute trade secrets. As a consequence, Twentieth Century filed a notice of intent to serve a nonparty deposition subpoena on NSA. The subpoena sought to compel a representative of NSA, designated under Rule 30(b)(6), A.R. Civ.P., to testify in Huntsville and to furnish the information that was not obtained through the deposition of Wakashita in Chicago.
NSA responded to the deposition subpoena with a motion for a protective order under Rule 26(c). The trial court ordered the deposition of NSA, but subject to a confidentiality order.
NSA petitions this Court for a writ of mandamus compelling the trial court to issue a protective order excluding from discovery specific information that it claims constitutes trade secrets and requiring that any deposition of its corporate representatives be taken in Chicago, Illinois.
The Alabama Rules of Civil Procedure vest broad discretionary power in the trial court to control the discovery process and to prevent its abuse. Ex parte Mack, 461 So.2d 799 (Ala.1984). That power is not unlimited, however, and mandamus is the proper means of review to determine whether the trial court has abused its discretion. Ex parte Sargent Indus., Inc., *914 466 So.2d 961 (Ala.1985). The utilization of an extraordinary writ is restricted, and, therefore, mandamus will not issue unless the right to the relief sought is clear and certain, with no reasonable basis for controversy. Ex parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala.1981).
The general rule regarding petitions for the writ of mandamus in cases involving discovery was stated in Assured Investors Life Ins. Co. v. National Union Assoc., Inc., 362 So.2d 228, 231-32 (Ala.1978):
“It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. Rule 26(c) [Alabama Rules of Civil Procedure] recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters.” (Citations omitted.)
In support of its request for the writ, NSA cites to us Ex parte Leverton, 536 So.2d 41 (Ala.1988). In Leverton, the defendant in a medical malpractice action sought to compel the plaintiff to produce his expert medical witness for deposition in Jefferson County. The witness was a resident of Atlanta, Georgia. The defendant had attempted to depose the witness in Atlanta, but the witness was uncooperative in his answers. The defendant sought to continue the deposition in Jefferson County so that the questioning could be monitored by the Circuit Court of Jefferson County. The plaintiff filed a petition for a writ of mandamus, seeking to prevent the trial court from enforcing its order that he produce his out-of-state witness for deposition in Alabama.
In determining whether issuance of that writ was warranted, this Court held that an Alabama trial court does not have jurisdiction over a nonparty, out-of-state witness. This Court noted, however, that the trial court order did not require the out-of-state, nonparty witness to appear in Jefferson County for deposition, but ordered the plaintiff to make his expert witness available for deposition in Jefferson County. This Court determined that the trial judge, under his general power to control his court and his trial docket, had the power to require the plaintiff to produce the recalcitrant witness for deposition in Jefferson County. Leverton, supra.
We find the facts in Ex parte Leverton to be distinguishable from this case, because here, unlike the witness in Leverton, NSA has submitted itself to the jurisdiction of the courts of this state. The basis of the trial court’s jurisdiction of NSA comes from its being qualified under § 10-2A-226, Ala.Code 1975, to do business in Alabama. It has, by its qualification, submitted itself to the jurisdiction of the trial court. One of the purposes of the qualification statute is to compel foreign corporations to submit themselves to the jurisdiction of the courts of this state. See Jones v. Martin, 15 Ala.App. 675, 74 So. 761 (1917). Once a foreign corporation designates a place of business and an agent residing at that place, the corporation is deemed to have submitted to the jurisdiction of the state courts. Jefferson Island Salt Co. v. E.J. Longyear Co., 210 Ala. 352, 98 So. 119 (1923).
Moreover, even if NSA is not qualified under the statute to do business in Alabama, it nevertheless has done business in Alabama. The record reflects that NSA has maintained an office and employees in this state since 1984. It has paid corporate income taxes, corporate franchise taxes, and unemployment compensation taxes to the State of Alabama, as well as license fees to the cities of Huntsville and Madison. Also, NSA has submitted itself to the jurisdiction of the courts of this state by previously initiating civil litigation in this state. Therefore, we find that our prior *915 holding in Ex parte Leverton is inapplicable under the facts of this case.
Ultimately, NSA directs our attention to the general rule that the depositions of a corporation through its officers or agents should ordinarily be taken at the corporation’s principal place of business, Ex parte Armstrong, 412 So.2d 772 (Ala. 1982). As stated in Armstrong, however, there may be circumstances that would justify the taking of a deposition somewhere other than the corporation’s principal place of business. The trial court has the discretion to determine whether the facts in a given case justify a change in the place of taking the deposition. Ex parte McNally, 537 So .2d 928 (Ala.Civ.App.1988). The circumstances of each case, therefore, are important in determining whether a trial judge has abused his discretion in determining the location at which a deposition is to be taken. Ex parte Old Mountain Properties, Ltd., 415 So.2d 1048 (Ala.), cert. denied, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982).
In the present case, NSA itself presents one of the most cogent reasons justifying the taking of the deposition in Huntsville. NSA asserts that much of the subject matter of the deposition may be confidential. There appears to be a conflict, however, as to precisely how much of the information requested is confidential. By allowing the deposition of NSA to be taken at the Madison County Courthouse, the trial court would have the unique ability to control this important phase of the discovery process; therefore, it could assure that the deposition could proceed with minimal interruption when a dispute arose regarding the confidentiality of certain matters. In view of this, we find no abuse of discretion in the trial court’s determination that the deposition should be taken at a location other than the witness’s principal place of business.
NSA also seeks, through its petition for writ of mandamus, to require the trial court to issue a protective order excluding certain trade secret information from discovery.
Rule 26(c), A.R.Civ.P., specifically provides for the protection of trade secret information as follows:
“Upon motion ... by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way....”
Here, the trial court refused to order that the information NSA claims is confidential not be disclosed. However, a detailed protective order outlining how the confidential information is to be disclosed is embodied in the trial court order permitting the deposition of NSA in Huntsville. This protective order was issued by the trial court pursuant to a motion by NSA. Therefore, we find that the trial court complied with the requisites of Rule 26.
In view of the foregoing, the petition for the writ of mandamus is due to be denied.
WRIT DENIED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ„ concur.