# Alexander *v.* Ala. Wes. R. R. Co.

## *Assumpsit.*

(Decided November 21, 1912. Rehearing denied December 17, 1912. 60 South. 295.)

1. *Corporations; Foreign; Business; Requirements.*—A contract with a foreign corporation to be performed in this state, is not void in the making, or a mere nullity, where such corporation had not designated a known place of business and an authorized agent as required by section 3642, Code of 1907; such section can be violated only by the foreign corporation, and will not be so enforced as to cause innocent persons to suffer.

2. *Same; Authority of Agents; Apparent Authority.*—An engineer superintending the construction of a railway for a railroad company and having limited authority to order changes in the work, had no apparent authority to bind the railroad company as surety for the construction company to a sub-contratcor.

3. *Principal and Agent; Authority; Declarations.*—A person dealing with an agent cannot rely on the agent's declarations concerning his agency.

4. *Contracts; Implied; Effect of Express Agreements.*—A sub-contractor who performs the work on the sole faith and credit of the express promise of the original contractor to pay, or who continues work upon the faith of the express promise of the owner's engineer, cannot recover of the owner on an implied contract arising from its acceptance of the benefits of the sub-contractor's work, since an express contract excludes an implied one relative to the same subject.

5. *Same; Implied Contract.*—The evidence considered and it is held that the circumstances raised no implied promise by the owner to pay the said contractor for his work.

6. *Same.*—By reserving the right for its own protection to make payments to sub-contractors a railroad company, in a contract for construction, did not thereby become liable to the sub-contractor.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

[Alexander v. Ala. Wes. R. R. Co.]

Assumpsit by I. E. Alexander against the Alabama Western Railroad Company. Judgment for defendant and plaintiff appeals. Affirmed.

ALMON & ANDREWS, KIRK, CARMICHAEL & RATHER and W. M. WILLIAMS, for appellant. In support of appellants right to recover we call the court's attention that after appellant made a contract with the original contractor he became uneasy about his pay and on appeal to appellee was told that if he would do the work appellee would pay for it.—*McFarland v. Dawson,* 128 Ala. 551; *LaFayette R. R. Co. v. Tucker,* 124 Ala. 515; *Ala. Sec. Co. v. Dewey,* 156 Ala. 530; Clark on Contracts, 25. At appellees instance its contract with the original contractor had been declared void and it cannot now claim any advantages under it.—Clark on Contracts 17; 9 Cyc. 546-8. On these authorities it is insisted that the court was in error in its action in the admission and rejection of evidence and in the charges given and refused. Recovery on a quantum meriut may be had for labor and services performed under a contract void under the statute of frauds.—43 N. W 215; 18 Pac. 881; 43 Calif. 509; 131 N. W. 721; 86 Pac. 900; 202 Mo. 526; *Potts v. First Nat. Bank,* 102 Ala. 285.

PERCY, BENNERS & BURR, W. H. KEY, BLEWETT LEE and C. L. SIVLEY, for appellee. The defendant's engineer could not bind the defendant or change the contract made between the plaintiff and original contractor.— *Wright, Williams & Whatley v. L. & N. R. R. Co.,* Tenn. Sup. Ct. in MSS.; *Woodruff v. Railroad Co.,* 108 N. Y. 39; *A. G. S. R. R. Co. v. Moore,* 109 Ala. 322; *Bond v. Pontiac R. R. Co.,* 29 N. W. 483; *Patterson v. O'Neal,* 135 Ala. 437; *Gardner v. B. & M. R. R. Co.,* 70 Me. 181. An agent may bind his principal only to the ex-

tent of the authority with which he is invested by the principal and one dealing with an agent is charged with the knowledge of his powers.—*LaFayette R. R. Co. v. Tucker,* 124 Ala. 515. Having alleged an express contract both with appellee and with the original contractor no recovery could be had upon an implied contract. It therefore follows that the court was not in error in its ruling and that its judgment should be affirmed.—Authorities supra.

SAYRE, J.—Appellant sued appellee for the value of work and labor done in the construction of the latter's line of railroad. The Talley-Bates Construction Company, a foreign corporation, had a contract with the defendant railroad company for the construction of that part of its road located in this state. Appellant had a contract with the Talley-Bates Company for the grading of a part of the road—was a subcontractor. These contracts were in writing, and their terms are not a matter of dispute. The Talley-Bates Company, to which we sometimes refer as the "construction company," entered upon and for a time prosecuted its work through appellant and other subcontractors. Plaintiff (appellant) sues for an alleged unpaid balance due upon the work done by him.

· Two alternative theories are advanced in separate briefs filed on behalf of appellant. One of them takes the view, on the authority of *Alabama Western R. R. Co. v. Talley-Bates Co.,* 162 Ala. 396, 50 South. 341, that the contract between the railroad company and the construction company was a mere nullity for the reason that the construction company, before entering upon the performance of its contract, failed to comply with that mandatory statute of the state which requires, under penalty of fine, that every corporation not organiz-

[Alexander v. Ala. Wes. R. R. Co.]

ed under the laws of this state shall, before engaging in or transacting any business in this state, file an instrument in the office of the Secretary of State designating at least one known place of business in this state and an authorized agent or agents residing thereat (Code, § 3642); and further that the contract between plaintiff and the construction company was affected with the same vice, thus conceding provisionally that, apart from some small items of extra work, which are negligible in this connection, plaintiff had no express contract with the defendant company; that plaintiff had not failed in any contractual or statutory duty; that the railroad company had received the benefit of plaintiff's labor for which plaintiff could maintain no suit against the construction company; that defendant had defeated the construction company's suit on account of work done by plaintiff by pleading that company's failure to comply with the statute; and, in conclusion and on those equitable principles which control the quantum action, that he ought to have been allowed to recover of the railroad company as upon its implied promise to pay him what his work was reasonably worth. This line of reasoning in respect to its facts and its principles of law is defective in several particulars. It was not held in the Talley-Bates Case that no legal rights or duties could arise out of a contract executed under the conditions there shown. It was not held that the contract was void in the making, nor that at any time it became a mere nullity. It was held only that the Talley-Bates Company, a foreign corporation, could not enforce its contract, nor any rights dependent upon it, in the courts of this stae. Nor can it be conceded, on facts assumed by appellant, that the contract between plaintiff and the construction company was a mere nullity. The statute does not so provide. It must be understood,

and nothing has been said to the contrary, that foreign corporations only could offend against the statute, and they only by engaging in or transacting business in this state. It is impossible that a natural person or a corporation which has domesticated itself to the extent required by the statute can offend against its terms or policy, or that a just enforcement of its provisions should cause innocent persons to suffer.—*Brooklyn Life Ins. Co. v. Bledsoe,* 52 Ala. 538. Later on we will refer to appellant's mistaken assumption of fact.

The statute, the decision in the *Talley-Bates Case,* and the plea upon which that suit was defeated, if that could be ascertained, are beside the question to be decided. Plaintiff cannot be allowed to recover against the defendant upon an implied contract for a reason wholly apart from the statute and the result of that suit —for the reason that plaintiff's work was done, not for the railroad company, but for the construction company on the sole faith and credit of its express promise to pay plaintiff for the work done by him, as the special contract in evidence shows, or if it be said that plaintiff looked also to defendant for compensation, then inducement to that expectation can be found only in the express collateral promise of the railroad company, alleged to have been made by and through its engineer, the authority and obligation of which will be considered when we come to consider that aspect of the case in which plaintiff relies upon an express promise. In either case there was an express contract covering the same field in which appellant would put into operation the law of contract by implication. The effect of all the authorities is that, where the parties have entered into a special contract, it is the exclusive source of legal rights and duties as regards the matters to which it pertains. An express contract excludes an implied

one in reference to the same subject-matter. In *A. G. S. v. Moore,* 109 Ala. 393, 19 South. 804, a case very like this in essential character, except that no question of unenforceable promise was involved, it was held that an implied promise to pay one cannot be raised in the face of an express promise to pay another for the same consideration, citing *Lankford v. Green,* 52 Ala. 104; *Shumake v. Nelms' Adm'r,* 25 Ala. 126; and *Huntsville Belt Line v. Corpening,* 97 Ala. 689, 12 South. 295. See, also, cases cited to 9 Cyc. 242. A party may choose the person with whom, as well as the terms upon which, he will make engagements. Here the railroad company bound itself by special agreement to pay the construction company (no one else); plaintiff did the work upon consideration of the construction company's promise to pay him (no one else). In the situation here shown, the rule of reason and of the decided cases is that one who lets the contract may presume that a stranger who does the work does it for his contractor under the special contract he made for its execution, and, in the absence of some matter of estoppel, may receive the benefit of it without incurring liability to the subcontractor.—*Irvin v. Strother,* 163 Ala. 484, 50 South. 969; *Campbell v. Day,* 90 Ill. 363. As the Supreme Court of Michigan said in *Bond v. Pontiac Railroad Co.,* 62 Mich. 643, 29 N. W. 482, 4 Am. St. Rep. 885, "The appropriation (in such case) of what one has a right to suppose was properly done creates no estoppel." "One may well gain by the contract of another to which he is not a party; but the law will not imply his promise to pay for this gain which comes incidentally to him."—*Lauer v. Baudow,* 43 Wis. 556, 28 Am. Rep. 571. Such results are illustrated in our cases of *Wadsworth v. Hodge,* 88 Ala. 500, 7 South. 194, and *Hawkins Lumber Co. v. Brown,* 100 Ala. 217, 14 South.

110, in which it was held that the wife's property could not be subjected to a lien for materials furnished for its improvement on the sole credit of the husband; nothing more in the way of an estoppel against the wife being shown than that she enjoyed the use of the improved property.

As sustaining that theory of his case now under consideration, plaintiff suggests that defendant defeated the claim of the Talley-Bates Company by pleading the latter company's failure to observe the statute to which we have referred, and that defendant's engineers, with knowledge of the fact that plaintiff would look to it for compensation, induced plaintiff to continue the work, when otherwise he would have avoided loss by abandoning it, and that defendant is estopped to bring loss and injury to him by defeating his just expectations thus raised. We are not advised by this record of the grounds upon which defendant defeated the suit of the Talley-Bates Company. We will assume to know that that suit was defeated on some ground for the reason that plaintiff offered in evidence the judgment entry in that case proving the fact and has assigned its exclusion for error. But the judgment entry, in the absence of the pleas which were not offered, does not show the specific grounds upon which that case was finally determined. For aught shown by the excluded judgment entry, the railroad company defeated, or might have been able to defeat, that suit on the ground that it had paid the Talley-Bates Company all it had earned. Let it be assumed, however, that plaintiff learned, as he states it, that the Talley-Bates Company was not liable to him, meaning thereby, as we understand, to assert his opinion, or apprehension perhaps, that the Talley-Bates Company could defeat any suit he might bring on the ground that it had not complied with the

statute, and that he communicated information of this state of his mind to the defendant's engineers along with the statement that he intended to quit the work unless he was given further assurance of his pay, and that thereupon the engineers told him to go on with the work and the railroad company would pay him; nevertheless it is shown that the railroad company's election to defeat the Talley-Bates Company's suit on the ground of the latter's noncompliance with the statute was actually made after the work in question had been done, and that during the whole time of its performance plaintiff treated his contract with the defendant construction company as a subsisting valid contract by drawing drafts upon that company and accepting from it payments for his work as it progressed. And after he had abandoned the work—for what reason is immaterial—he accepted a payment from the defendant upon the express understanding that it was a payment on account of the Talley-Bates Company. The railroad company in its contract with the Talley-Bates Company had reserved the right—for the purpose, of course, of protecting itself against liens and other embarrassments—to make payment to subcontractors of any amounts they might earn by work done for the Talley-Bates Company. But that did not involve the defendant in any duty to the subcontractors. It created no contractual or assumptual privity between them. Accepting then plaintiff's case at its best, the law will raise no implied promise on the part of defendant to pay him for work which he did for another.

We come now to the question whether, on the evidence shown in the record, the jury would have been justified in finding that the engineers had any real or apparent authority to make any express engagements or pledges of credit binding upon the defendant either as

made with original authority, or by way of estoppel as
made with apparent authority. Witnesses, who were
cognizant of the facts, testified without. contradic-
tion or impeachment that defendant's engineers had
no such authority by delegation from the governing
board or managing officers of the defendant corpora-
tion. Nor was there any apparent authority. The con-
tract between defendant and the construction company
was executed on the part of defendant by its vice pres-
ident. Defendant was concerned, of course, to have its
road built according to its own plans and specifications,
and its contract with the construction company, so far
as concerned the character of the work to be done, be-
came by necessary inference a part of the contract be-
tween plaintiff and the construction company. Defend-
ant's contract contemplated also that the work might
be done wholly or in part by subcontractors. It requir-
ed also that defendant's engineers should superintend
the performance of the work, and its engineers had an
expressly limited authority to order changes, but from
all this no general authority in them can be inferred—
no authority to make original contracts, nor any to
make the peculiar modification contended for in re-
spect to the work embraced in the original contract,
that is, the authority to bind their principal, to speak
broadly, as a surety for the construction company.

Plaintiff relies upon *LaFayette R. R. Co. v. Tucker,*
124 Ala. 514, 27 South. 447. In that case plaintiff had a
subcontract and sued the railroad company for the val-
ue of work done "extra the original specifications." It
appears that the work in question was extra the defend-
ant's original contract also. Defendant's engineer re-
quested performance and promised that defendant
would pay. As to the matter in dispute there was no
intervening contract. Plaintiff was either an original

contractor, or he was a volunteer. The engineer testified that he had no authority to make contracts for the defendant; but he also testified that "he had authority to change the grade of the railroad and have the work done according to the changes," and, when plaintiff asked him if he had authority, his answer left plaintiff to infer that he had. As we see it, the real question was whether the statement to plaintiff was admissible. The court held it was admissible because made "in the presence of one of the plaintiffs while the work claimed for was in progress and was therefore part of the res gestæ and not merely a narration." Plaintiff was allowed to recover. Here the question is different. The contract between plaintiff and defendant provided for all the work between stations 1,463 and 1,484, 2,100 feet of defendant's road, as specified or as the engineer within certain expressed limits might change and direct. Except for a small, though undetermined, quantity of hauling and filling done outside the designated termini of plaintiff's contract work, which seems to have been paid for and for which no claim is made in briefs, all the work done by plaintiff, including that for which he says he ought to have had a judgment for $62.50 at least, was clearly within the undisputed contract between palintiff and defendant and that between defendant and the construction company. It was work for the performance of which the defendant had a right to look to the construction company. To change these contract relations of the defendant to the parties engaged in building its road was not within the scope of the authority conferred upon the engineer. He could not confer authority upon himself. No one has a right to rely on the statements of an agent concerning his own agency.—*Gambill v. Fuqua,* 148 Ala. 448, 42 South. 735. There was no appearance of authority. He appeared

to be a superintending engineer. He was an employee. The nature of the duties committed to an engineer does not import an authority to make original contracts— certainly not contracts of suretyship. In no way does it appear that the alleged promise of the engineer was ever brought to the attention of the directors or managing agents of the defendant company.

Our conclusion is that there is no principle of law or equity which would require defendant to pay plaintiff for the work done by the latter for the construction company, if indeed he has not been paid. Plaintiff's remedy, if he has not been fully paid, is against the construction company.

There is no need to rule upon those assignments of error which relate to question of evidence and instructions to the jury. None of them reach or affect the essence of the case. The judgment will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.