Whaley, Judge,
delivered the opinion of the court:
This suit is brought by the plaintiff to recover the reasonable value of work performed and materials furnished in connection with the installation of a boiler plant at the Navy Yard, Washington, D. G.
The contract for the work at the Navy Yard was awarded to George W. Stetson, Jr., as the lowest bidder for a stated sum and Stetson was to execute a formal contract which was to be prepared and forwarded to him at an early date. This formal contract was forwarded to him on November 16,1933, and required the furnishing of a performance bond to accompany the return of the signed contract to the Navy Department. On November 27, 1933, plaintiff entered into a written contract with George W. Stetson, Jr. Without any notice from the defendant or George W. Stetson, Jr., that a formal contract had been executed and a performance bond furnished, plaintiff entered upon the site of the work and performed between November 27,1933, and December 7, 1933, certain work under its subcontract. Stetson failed to execute a formal contract or furnish the bond required and on January 15, 1934, after notice to Stetson, the Navy De *127 partment again advertised for bids and on January 24, 1934, awarded the contract to another contractor for a larger sum than that which Stetson had bid.
The petition shows that the plaintiff endeavored to collect from the prime contractor, Stetson, for the value of the work performed by it but failed to be successful in its efforts. Plaintiff sues on an implied contract for the value of the work performed. It is apparent that the contract was between the defendant and Stetson, and plaintiff was a subcontractor under a written contract with Stetson. The work was not performed for the Government but for Stetson. There was no contractual right, expressed or implied, between the plaintiff and the defendant. Plaintiff possessed no privity of contract with the defendant. Its entrance on the site and performance of the work were under a written contract with the contractor who had been awarded a contract with the defendant but who failed to comply with its terms which required signing a formal contract and furnishing a performance bond. Expectation of payment for work performed by a subcontractor does- not create an implied contract, even when the structure is used by the Government. Chesapeake and Potomac Telephone Company v. United States, 281 U. S. 385.
In Merritt v. United States, 267 U. S. 338, 341, the Supreme Court held:
The Tucker Act does not give a right of action against the United States in those cases where, if the " transaction were between private parties, recovery could be had upon a contract implied in law.
Under similar circumstances, if the contract were between private parties, recovery could not be had except against the contractor. Alexander & Alabama Western R. Co., 179 Ala. 480, 490, 60 So. 295. Plaintiff was. not a party to the contract and therefore cannot bring suit against the Government. New York Shipbuilding Company v. United States, 65 C. Cls. 457; Pneumatic Gun-Carriage and Power Co. v. United States, 36 C. Cls. 71, 88.
Although plaintiff has no juridical remedy against the Government, nevertheless it has performed work in the *128 Navy Yard at Washington, D. C., and the Government is now enjoying the benefits thereof. Plaintiff’s remedy is with the Congress.
The petition is dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.