ON REHEARING
PER CURIAM.
Upon motion by appellant for rehearing the original opinion of the court is withdrawn and the following opinion substituted in lieu thereof.
Appellant, Otis P. Hutson appeals from the denial of a motion for new trial after judgment denying modification of alimony. We affirm.
The parties were divorced on March 30, 1976. In accordance with a written agreement filed with the court, the judgment of divorce provided for payment by the husband of alimony at the rate of $30 per week. It was further provided that the debts of the marriage were to be paid by the husband.
On September 21, 1976, writ of garnishment was issued upon the affidavit of the wife, directed to the employer of the husband in the sum of $450 and costs. Notice of issuance of garnishment was returned showing service upon the husband on September 22. Notice of filing of answer by the garnishee was returned served upon the husband by September 30. Return of each *590 notice was made by a deputy sheriff of Tuscaloosa County. On October 13,1976, at the request of counsel for the husband, counsel for the wife filed a motion to reduce the percentage of wages to be withheld by the employer under the garnishment from 33V3% to 25%. The court granted the motion.
On December 9,1976, the husband filed a petition to modify the judgment of divorce. He alleged that he was unable to pay the alimony, and that he was unemployed at the time the judgment for alimony was entered; that the court should have verified his ability to pay before granting alimony; that the wife was employed and self-supporting and did not require alimony.
The wife answered and requested an increase in alimony, with request for general relief.
After oral hearing, the court denied the petition of the husband to modify the provisions for alimony, proceeded to determine the amount of accrued and unpaid alimony and render judgment therefor. It condemned the sum of $254.92 paid in by the garnishee. Costs and attorney’s fee in the sum of $200 were ordered paid to the wife. We find no ruling on the motion to dismiss the garnishment.
The husband moved for a new trial. New trial was denied after hearing.
Counsel for the wife in response to this appeal and the one and one-fourth page argument by the husband in brief, charged that this appeal was frivolous. The case was originally submitted on brief. Subsequently, counsel for appellant husband filed written request for suspension of the appellate rules and permission to orally argue the case. This court granted the request and set the case for oral argument on Tuesday, August 30, 1977 at 2:00 P.M. Counsel was thereafter notified via telephone by the clerk of the court that argument was changed to the morning session on August 30. Counsel was advised to be present not later than 9:30 A.M. Court convened as scheduled at 9:00 A.M. on August 30. Counsel for appellee was present and announced ready. Counsel for appellant was not present. At 10:30 A.M. counsel for appellant still was not present. Counsel for appellee made a brief statement and the case was submitted. At approximately 11:00 A.M. the clerk received a phone call from counsel for appellant stating that he was in Prattville, Alabama, with a flat tire. He was informed that the case had been submitted and court had adjourned.
We have related these events preparatory to stating that the court finds this appeal to be frivolous, without reasonable grounds in the record and the law and with minimal effort at presentation of argument in brief. In addition, the abuse of the process and time of this court, and of opposing counsel, by failure to timely appear at oral ai’gument after special accommodation therefor, cannot be permitted without discipline. We shall address that matter at the conclusion of this opinion.
The appellant submitted as a ground for new trial that he had never been personally served with notice of the garnishment. Such ground was improper. That issue was not presented by the petition for modification of the former judgment of divorce. That was the ground for the motion to dismiss the garnishment. These were two separate actions. As previously stated, we find no record of any ruling on the motion to dismiss the garnishment. If there had been such ruling, it was a matter totally separate from the petition for modification. The ruling on that motion would not be a ground for a new trial after judgment on the petition for modification.
However, the record showed issuance of notice by the clerk and return showing service by a deputy sheriff of Tuscaloosa County. Such return is prima facie evidence of service. Rule 4.1(b)(3) ARCP. The denial of service by appellant merely presents an issue of fact for the court. The return of the sheriff is supported by the successful effort of counsel a few days thereafter to secure a reduction in the percentage of wages withheld. Clearly, appellant had notice of the garnishment prior to that action. The finding of fact by the trial *591 court after oral hearing is presumed correct on appeal. Metcalf v. Metcalf, 340 So.2d 38 (Ala.Civ.App.1976).
Issues 2 and 3 relate to alleged error in the granting of alimony in the original judgment of divorce. That judgment is not subject to attack via a petition to modify filed six months thereafter, nor via an appeal from judgment on the petition to modify-
Issues 4 and 5 are not argued in brief, but merely restated. They are not sufficiently in compliance with Rule 28, ARAP to be worthy of consideration. However, issues 4 and 5 have been settled by our response to issue 1.
The issue of whether the wife was entitled to alimony was determined in the original judgment. It is not subject to attack after expiration of time for appeal, but only to modification upon a showing of a material change in the circumstances of the parties. There was no reporter’s record made of the hearing below. The only record of evidence was prepared by the court under Rule 10(d) ARAP. We find no evidence of a material change of circumstances requiring a modification of the original award of alimony.
With the adoption of the new appellate rules of procedure, this court has carefully bent every effort to reach and consider the merits of every appeal. However, there is a limit to our forbearance of failure of counsel to assist in our effort. We are burdened with too many meritorious appeals brought by able and conscientious counsel, to permit our time to be consumed by frivolous appeals, totally lacking in merit. It is neither fair to this court, appellee and counsel, nor to those cases from which our attention is diverted.
It is only after much consideration and after determination that this appeal is frivolous that we award double costs to appel-lee under Rule 38 ARAP and further assess penalty against counsel for appellant in the sum of $50 under Rule 34(d) ARAP. Such penalty is to be paid to counsel for appellee as payment of expenses incurred in appearing for oral argument requested by counsel for appellant and at which he failed to timely appear.
AFFIRMED.
All Judges Concur.