This is an action in detinue.
In January 1981, Midland Guardian Company (Midland) filed suit against John W. and Elsie Boles in Macon County Circuit Court. Midland sought possession of a mobile home and damages for its alleged wrongful detention. A pre-judgment writ of seizure was quashed. Defendants answered and pled the non-qualification of Midland, a foreign corporation, to do business in Alabama. After an ore tenus hearing, the court awarded Midland possession of the mobile home and damages for detention in the amount of $2,000. From a denial of their motion to alter, amend or vacate the judgment, Mr. and Mrs. Boles appeal to this court.
The record reveals the following pertinent facts. In July 1973, Mr. and Mrs. Boles purchased a used mobile home from the lot of Mustang Mobile Homes of Alabama, Inc. (Mustang), an Alabama corporation. The home was used as their residence in Macon County, Alabama. The mobile home had been previously purchased by David and Joann Robinson, who had purchased it new from Mustang. Financing for the Robinsons had been arranged with *Page 83 
Midland, a foreign corporation not qualified to do business in Alabama. Upon the Robinsons' default, Midland repossessed the mobile home and it was returned to the lot at Mustang to be resold.
Before the purchase Midland's office in Pensacola, Florida, had been consulted by phone. The credit of the Boleses was checked and the purchase approved. The Boleses signed a document entitled "Assumption of Liability" at the lot of Mustang. According to its terms Mr. and Mrs. Boles acquired in the home the rights previously held by the Robinsons and assumed liability under the terms of the Robinsons' contract. The Assumption of Liability, which by its terms incorporated the Credit Sale Contract and Security Agreement previously signed by the Robinsons was sent to Midland's offices in Pensacola, Florida. Payments were made irregularly to Midland in Florida until this suit was filed in February 1981.
The first issue to be determined by this court is whether Midland, a foreign corporation not qualified to do business in Alabama, may sue in detinue in an Alabama court. We hold that it may.
However, the question arises whether or not a non-qualified foreign corporation, illegally doing business in Alabama, may prosecute to judgment an action in detinue which proof necessitates reliance upon a contract either made in Alabama or to be performed in Alabama.
Defendants contend that Midland, at the time of entering into the contract with them, was a foreign corporation not qualified to do business in Alabama, illegally doing business contrary to the provisions of Ala. Const., art. XII, § 232, and subject to the provisions of § 10-2A-247, Code (1975). Those pertinent provisions are as follows:
 No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. . . .
Ala. Const., art. XII, § 232
 All contracts or agreements made or entered into in this state by foreign corporations which have not obtained a certificate of authority to transact business in this state shall be held void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement. . . .
Section 10-2A-247, Code (1975).
Plaintiff responds by saying that it was not in violation of the Constitution and statutes because: (1) It was not doing business in Alabama; (2) The contract was executed when it signed at its offices in Florida; (3) An action in detinue is an action ex delicto, not ex contractu and not prohibited to a non-qualified corporation.
We will address plaintiff's last contention first. Plaintiff is correct in contending that an action in detinue is classified as an action ex delicto as opposed to an action ex contractu. Gossett v. Morrow, 187 Ala. 387, 65 So. 826 (1914). This court in the case of Trax, Inc. v. Tidmore, 349 So.2d 597
(Ala.Civ.App. 1977), reversed the dismissal of a detinue action because the action was brought by a non-qualified foreign corporation. Our reversal was based upon the distinction noted in Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893 (1969) that the statutes prohibit only suits founded upon contracts by non-qualified corporations. The issue of whether the suit inTrax, though in detinue, depended for proof upon a contract made or to be performed in Alabama was not reached since we had before us only the propriety of a dismissal before trial.
It is to be noted that the supreme court in the cases ofShiloh Construction Co. v. Mercury Construction Corp.,392 So.2d 809 (Ala. 1980), and Jones held that actions ex delicto are not prohibited under the statute when brought by a non-qualified foreign corporation. The Jones case was an action for conversion by the foreign corporate owner of automobiles after the cancellation *Page 84 
of a lease contract. The court stated that the statutes did not prevent the recovery of possession of property where the action did not involve the enforcement of a contract. In Shiloh, the action was for fraud in procuring of a contract. The court again stated that fraud was an action ex delicto. Such claim lies independently of the existence of a valid contract and is not an action upon a contract.
In this case, we look to what the supreme court said in C CProducts, Inc. v. Premier Industrial Corp., 290 Ala. 179,275 So.2d 124 (1972). In that case there was a bill of complaint filed by a non-qualified foreign corporation, charging a former employee with a conspiracy to procure breaches of non-competition clauses in its agents' contracts. Injunctive relief and damages were sought.
The court examined the complaint to determine whether it sounded in contract or in tort, recognizing that its allegations sounded in tort. However, as the court stated inShiloh when referring to the C C Products decision, "The gist of this court's holding was that, any way you slice it, the action was ex contractu." Therefore the court would not permit the prosecution of the action.
The statement in Shiloh also sums up the facts of this case. Though the action is in detinue, it cannot be proved without depending upon the contract between plaintiff and defendants. The recovery of the mobile home in detinue is impossible without establishing the security interest provided by the contract. At the time of sale of the mobile home and delivery of possession to defendants, title passed. § 7-2-401 (2), Code (1975). Thus plaintiff had no title or right to possession (the vital elements of an action in detinue) without depending upon the rights given by the contract. In other words, the action is an enforcement of the rights derived from the contract.
As to plaintiff's first contention, there can be little question but that Midland, a non-qualified foreign corporation was doing business in this state, not only in the making and performance of this contract, but also in its other activities. The evidence showed Midland to be a corporation organized for the purpose of financing the sale of mobile homes in several states, including Alabama. It does substantial business with dealers in Alabama; at least two of such "dealers" are wholly-owned subsidiaries of Midland. Midland's representative travels in Alabama visiting the various dealers, purchasing contracts and servicing the accounts which it finances, and its representative writes letters to and visits delinquent debtors. Midland obviously, through counsel or otherwise, repossesses mobile homes in this state and resells them through its dealers, as it did in this case. This transaction was not simply a purchase of paper from a dealer. It was an actual sale by Midland after a repossession from a prior sale in this state and the assumption by the Boleses of the obligations of the prior purchaser. This transaction alone was the doing of business in this state. SAR Manufacturing Co. v. Dumas BrothersManufacturing Co., 526 F.2d 1283 (5th Cir. 1976); Marcus v.J.R. Watkins Co., 279 Ala. 584, 188 So.2d 543 (1966); KingHomes, Inc. v. Roberts, 46 Ala. App. 257, 240 So.2d 679, cert.denied, 286 Ala. 736, 240 So.2d 689 (1970).
It has long been the interpretation of our constitutional and statutory prohibitions of a foreign corporation doing business in this state without lawful qualification that such corporation could not use our courts to enforce its contracts with Alabama citizens. Such interpretation applies whether the contract is void because made in this state under § 10-2A-247 or whether made outside this state. Midland contends its contract is not void because it was not completed until signed and accepted in its office in Florida. There is much factual and legal basis for argument to the contrary. However, in view of its doing business in this state as we have previously shown, whether the contract was made outside the state to be performed in the state or made in the state and void, it is not entitled to enforcement in our courts. *Page 85 
It was said in the case of Alabama Western R.R. Co. v.Talley-Bates Construction Co., 162 Ala. 396, 50 So. 341 (1909), speaking of a contract made outside the state:
 The doing of a single act of business, if it be in the exercise of a corporate function, is prohibited. The policy of the Constitution and statute is to protect our citizens against the fraud and imposition of insolvent and unreliable corporations, and to place them in an attitude to be reached by legal process from our courts in favor of citizens having cause of complaint. Foreign corporations may not sue until they put themselves in a position to be sued in domestic courts. (Citation omitted.)
In a subsequent case, Alexander v. Alabama Western R.R. Co.,179 Ala. 480, 60 So. 295 (1912), the supreme court reiterated what it had said in Talley-Bates. By way of explanation it said:
 It was not held that the contract was void in the making, nor that at any time it became a mere nullity. It was held only that the Talley-Bates Company, a foreign corporation, could not enforce its contract, nor any rights dependent upon it in the courts of this state. (Emphasis ours.)
We consider that the learned Judge Richard Rives, writing for the court in the case of Lee v. Great Northern Nekoosa Corp.,465 F.2d 1132, 1136 (5th Cir. 1972) and quoting from Citizens'Nat. Bank v. Buckheit, 14 Ala. App. 511, 71 So. 82, 86 (1916), and citing Alexander and Talley-Bates, stated the law applicable to this case as follows:
 Where the contract is to be performed in this state, although not entered into here, and in the performance the nonresident corporation must engage in business in this state, although the contract is valid, the policy of the state, as evidenced by the Constitution and statutes, compels the courts of the state to refuse their aid to such offending corporation in the enforcement of such contract or recovering the benefits accruing thereunder.
(Emphasis ours.) (Citations omitted.)
The emphasized statements from Alexander and Citizens Nat.Bank are in accord with the comments of the court in Boulden v.Estey Organ Co., 92 Ala. 182, 9 So. 283 (1890). In that case, the court permitted an action and recovery in detinue because the contract involved was a title retention sale of a piano. The court found the contract illegal and void under the statute but allowed recovery by the seller because it still had title in spite of the void contract. The court said that in such cases the law would leave the parties where it found them and leave the title where they left it. There having been no valid contract passing title from the seller, it remained there and the seller could recover in detinue because it still had title. However, if title had passed under the contract, and delivery made, the seller would be without power to coerce payment, or to repossess the piano.
We conclude that such is the situation in this case. There was no title retention contract here. Midland conveyed title and delivered possession under its contract. At the suit in detinue, the title was in the Boleses. In order to establish right to recovery, Midland must establish either title or an immediate right to possession. Such right to possession could arise only from a construction and enforcement of the contract illegally made. The right to possession was dependent upon andarising from the contract. This action is an enforcement of the contract, "any way you slice it" and may not be enforced in the courts of this state. Lee, Birmingham Terminal Association,Inc. v. United Produce and Products Equipment Co., 289 Ala. 80,265 So.2d 863 (1972); Alexander and Talley-Bates.
The parties should have been left as the court found them. The judgment below is reversed and the case is remanded with direction to enter judgment in favor of defendants Boles.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur. *Page 86