This is an appeal by the plaintiff, Freeman Webb Investments, Inc. ("Freeman Webb"), from a summary judgment in favor of the defendants, Douglas V. Hale and Hale Properties, Inc., in an action to recover damages based upon breach of contract and breach of the terms of a promissory note.
Freeman Webb is a Tennessee corporation organized to acquire, syndicate, and operate residential and commercial real estate. It is not qualified to do business in Alabama.
The corporation sent personnel to Huntsville to examine the Huntsville real estate market and a Huntsville apartment complex called Chateau DeVille. Freeman Webb and Huntsville resident Douglas V. Hale later entered into a contract for the sale of real estate in which Freeman Webb agreed to pay, and Hale agreed to accept, as full consideration, $4,560,000 for Chateau DeVille. Hale signed the contract in Huntsville and executed a promissory note to Freeman Webb in the amount of $160,000. Freeman Webb then signed the contract *Page 31 
in Nashville, Tennessee, and delivered $160,000 in earnest money to Hale in Alabama. According to the terms of the contract, the $160,000 earnest money was due to be repaid if Hale defaulted on the contract.
The contract obligated Hale to obtain a Federal Home Loan Mortgage Corporation mortgage, which Hale was to close prior to the approval of Freeman Webb as assignee. Hale did not obtain the mortgage, however, and the parties did not close the sale. Freeman Webb then demanded the return of the $160,000 earnest money from Hale. Hale refused.
Freeman Webb filed suit in Madison Circuit Court, alleging that Hale had breached the contract by failing to close on the Federal Home Loan Mortgage Corporation mortgage and seeking return of its earnest money. Hale filed a counterclaim. Later, Freeman Webb amended its complaint by stating claims for fraud, unjust enrichment, and conversion. The trial court granted Hale's motion for summary judgment as to all of Freeman Webb's claims and entered a final judgment, pursuant to Rule 54(b), A.R.Civ.P. This appeal followed.
Since Freeman Webb is a foreign corporation not qualified to do business in Alabama, we must first address the question of whether the contract described above is void and unenforceable under Code of 1975, § 10-2A-247. The pertinent provision of that section is as follows:
 "All contracts or agreements made or entered into in this state by foreign corporations which have not obtained a certificate of authority to transact business in this state shall be held void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement. . . ."
Thus, Freeman Webb cannot bring an action for breach ofcontract since it failed to qualify to do business in Alabama on or before the date the contract was made. Sanjay, Inc. v.Duncan Construction Co., 445 So.2d 876 (Ala. 1983); C CProducts, Inc. v. Premier Industrial Corp., 290 Ala. 179,275 So.2d 124 (1972).
Due to the penal nature of this statute, however, its application has been limited to those cases in which the action is ex contractu as opposed to ex delicto. Boles v. MidlandGuardian Co., 410 So.2d 82 (Ala.Civ.App. 1982). In an attempt to circumvent the prohibitions of § 10-2A-247, Freeman Webb presented claims of conversion, unjust enrichment, and fraud, arguing that these claims are ex delicto and stand independently of the prohibited contract action. In determining the character of these three claims, we must examine their substantive averments and the nature of the relief sought. C C Products, supra.
With regard to the claims of conversion and unjust enrichment, it is clear that these claims merely seek to enforce those rights derived directly from the contract, and are, therefore, prohibited. Freeman Webb argues that Hale's refusal to return the earnest money constitutes an unjust enrichment and a conversion of Freeman Webb's property. Nevertheless, since these actions simply complain of Hale's failure to perform a contractual obligation, we must view them as actions ex contractu, and prohibited under the statute when brought by a non-qualified corporation. Boles, supra.
Turning to the issue of fraud, we reiterate that "actions ex delicto by non-qualified foreign corporations are not prohibited in the courts of Alabama." Shiloh Construction Co.v. Mercury Construction Corp., 392 So.2d 809, 813 (Ala. 1980). In Shiloh, the plaintiff subcontractor filed a fraud action claiming that the defendant contractor intentionally furnished plaintiff with an incomplete set of plans in order to induce the plaintiff to submit a bid that was inappropriately low. The plaintiff also alleged that the defendant, at the time of the execution, had no intention of performing the subcontract. In analyzing this claim, the Court found that the plaintiff, a non-qualified foreign corporation, had properly stated an action ex delicto and that such a claim "lies independent of the creation of a valid contract." Shiloh Construction Co., 392 So.2d at 813.
Freeman Webb contends that Hale made certain fraudulent misrepresentations in *Page 32 
the procuring of the contract, and argues that Hale had notice that the apartments were in violation of local zoning regulations. According to Freeman Webb, Hale made the misrepresentations with the intent to deceive and induce Freeman Webb into entering the contract and advancing the earnest money to Hale. As stated in Shiloh Construction Co., this cause of action complains of something more than a mere failure to perform contract obligations, and it is, therefore, not subject to the provisions of § 10-2A-247.
The summary judgment was proper as to Freeman Webb's claims of breach of contract, conversion, and unjust enrichment. However, since Freeman Webb has properly stated an action in fraud, which lies independent of a valid contract, summary judgment was improperly granted as to that claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON, SHORES and ADAMS, JJ., concur.
JONES, J., concurs in the result.