Allstate Leasing Corporation (Allstate) commenced this action against Larry and Amanda Scroggins for breach of a lease on an ice cream machine. The Scrogginses later filed a third-party complaint against Sunbelt Equipment Corporation (Sunbelt), the supplier of the leased equipment. The trial court ultimately granted summary judgment against Allstate on the ground that Allstate is a foreign corporation which has not qualified to do business in Alabama and, therefore, may not enforce its contract in our courts. Allstate now appeals from the summary judgment against it.
The Scrogginses own a retail food store in Alexander City, Alabama. They were contacted at their store about the purchase of an ice cream machine by salesmen who allegedly represented that they were agents of Allstate, a Virginia corporation, and Sunbelt, a Georgia corporation. The Scrogginses agreed to lease a machine to be placed in the store. Sunbelt was to install the equipment and sell the ingredients necessary to make the ice cream, but leasing was to be provided by Allstate.
Sunbelt thereafter delivered and installed the equipment and sold the ice cream products to the Scrogginses. At the same time, they signed a lease contract with Allstate and a certificate of equipment acceptance and tendered the first lease payment. There is some dispute about whether the salesmen represented Allstate, but we note that the contract forms were preprinted with the Allstate logo and identified Allstate as the other party to the contract. Approximately two weeks later, Allstate telephoned the Scrogginses to verify the receipt of the equipment, review the lease, and confirm the agreement. Allstate then executed the contract and purchased the leased equipment from Sunbelt. When the Scrogginses encountered mechanical difficulties with the machine, they refused to make further payments until the problems were remedied. Allstate then filed a lawsuit to enforce the lease. *Page 18 
A foreign corporation is required to obtain a certificate of authority from the secretary of state before transacting business in Alabama. § 10-2A-226, Ala. Code 1975 (1987 Repl.Vol.). Failure of a corporation to qualify means that any contracts it makes or enters into in this state are void and unenforceable. Ala. Const. art. XII, § 232; § 10-2A-247(a), Ala. Code 1975 (1987 Repl.Vol.). Nevertheless, if the unqualified corporation's activities are considered "interstate" in nature, rather than "intrastate," it is protected from the requirements of § 10-2A-247(a) by the Commerce Clause of the United States Constitution (U.S. Const. art. 1, § 8, cl. 3). Green Tree Acceptance, Inc. v. Blalock,525 So.2d 1366 (Ala. 1988).
It is undisputed that Allstate is a Virginia corporation which has never obtained the requisite certificate of authority to do business in Alabama. Allstate contends on appeal, however, that it should not be subject to the qualification requirements because (1) its contract with the Scrogginses was not made or entered into in this state, and (2) it is engaged in interstate, rather than intrastate, commerce.
Our initial determination must be whether Allstate is engaged in sufficient intrastate commerce to trigger § 10-2A-247(a). The general rule, as stated in Green Tree Acceptance, supra, is that " 'a single act of business' is sufficient to bring a foreign corporation within the purview of 'doing business' in Alabama, though acts such as delivering materials or soliciting business are generally not enough to constitute 'doing business.' " 525 So.2d at 1370. There is no inflexible rule we can apply, however, in determining whether a foreign corporation is doing business in Alabama within the meaning of § 10-2A-247(a). Each case must be decided based upon its own particular facts. Wallace Construction Co. v. Industrial BoilerCo., 470 So.2d 1151 (Ala. 1985).
The trial court stated the following in its order granting summary judgment:
 "Even if we concede that no agent of plaintiff has ever set foot in Alabama, it is clear that plaintiff's business consists of owning equipment and collecting rents thereon. . . . These pieces of equipment are located in Alabama, on what is intended to be a permanent basis. Alabama citizens, on an ongoing basis, pay rent with respect to that equipment. Plaintiff's activity in Alabama is not incidental to the sale, installation or servicing of the equipment. Owning that equipment in Alabama and collecting rent from citizens of Alabama are the sum and substance of plaintiff's business. Furthermore, this is not an isolated transaction; there have, since 1984, been thirty-one (31) transactions involving about $350,000.
 "We are aware of Johnson v. MPL Leasing Corporation, 441 So.2d 904 ([Ala.] 1983), which is quite similar to this case. In Johnson, however, our Supreme Court found that the only activities of the plaintiff in Alabama consisted of '(1) delivering the copying machines by common carrier and (2) filing this action.' Allstate, the plaintiff herein, has done more than that: Allstate has owned within this state on a routine and ongoing basis many machines which it has leased to Alabama residents, and the continuing ownership of those machines in Alabama is an indispensable part of Allstate's primary business activity. These are not isolated transactions, and they are not merely incidental to another activity."
We agree and hold that Allstate's activities in this state are sufficiently intrastate in nature to subject it to the requirements of § 10-2A-247(a).
Having determined that Allstate was doing business in Alabama, it is not necessary for us to determine whether the contract was made or entered into here. Sanjay, Inc. v. DuncanConstruction Co., 445 So.2d 876 (Ala. 1983). The contract is not entitled to enforcement in our courts, regardless of whether it was made elsewhere to be performed in the state or made in the state and void. Boles v. Midland Guardian Co.,410 So.2d 82 (Ala.Civ.App. 1982).
Although we realize that § 10-2A-247(a) imposes stern sanctions on foreign corporations *Page 19 
in situations like the one before us, its purpose is to provide a method by which our state can protect its residents from possible abuse by uncontrolled foreign corporations. Green TreeAcceptance, supra. Our duty is to uphold the principles established by our Constitution and statutes. We find that the Scrogginses were entitled to judgment as a matter of law, and that judgment must, therefore, be affirmed.
AFFIRMED.
HOLMES, P.J., and ROBERTSON, J., concur.