L. CHARLES WRIGHT, Retired Appellate Judge.
In December 1985 William and Wanda Payne were contacted at their restaurant by a saleswoman regarding the possible leasing of an ice cream machine. The saleswoman allegedly represented herself to be an agent of Allstate Leasing Corporation, a Virginia corporation, and J-Mac Investment, Inc., a Georgia corporation. Following negotiations, the Paynes agreed to lease the machine. The parties agreed that J-Mac would provide the maintenance on the machine and that Allstate would provide the lease.
*811 J-Mac delivered and installed the machine and presented the Paynes with an “Allstate Leasing Corporation” equipment lease. The Paynes signed the lease and wrote a check to “Allstate Leasing Corporation” as a down payment on the machine.
The machine immediately developed problems. Repairmen from J-Mac attempted to repair the machine on two separate occasions without success. The Paynes asserted that the machine never functioned properly and that they “never received even one full day of usage out of it.”
The Paynes contacted Allstate and told them that they did not intend to continue making payments on the machine. The Paynes personally returned the machine to Allstate. Allstate then filed suit in Alabama to enforce the lease.
In response to Allstate’s complaint, the Paynes filed a motion to dismiss on the ground that Allstate, being a foreign corporation not qualified to do business in Alabama, was barred from enforcing contracts made or to be performed in the state of Alabama. The trial court granted the motion. Allstate appeals.
Allstate argues that it was involved in interstate activities and therefore was immune from state statutes requiring foreign corporations to qualify to do business in Alabama by registering with the secretary of state’s office.
Allstate recently presented this argument to this court in Allstate Leasing Corp. v. Scroggins, 541 So.2d 17 (Ala.Civ.App.1989). In that case we found that Allstate’s activities in Alabama were “sufficiently intrastate in nature” and therefore subject to the state statutes requiring foreign corporations to obtain a certificate of authority from the secretary of state.
The facts in the previous action are substantially similar to the facts in this action. The arguments made by Allstate in both instances are identical. We find Allstate Leasing Corp. v. Scroggins, supra, to be dispositive of the issue presented on this appeal. Accordingly, the trial court’s order dismissing the action is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.