The record in this appeal is limited. Apparently the action was initiated in district court by Audrey Murrell, pro se. Murrell alleged that Carol D. Fox owed her $1,050 because, "[l]oan for auto has not been repaid in time frame given."
In lieu of an answer and counterclaim, Fox's attorney filed a two-page document apparently attempting to construct and incorporate numerous form-like pleadings, including a notice of appearance, a motion to dismiss, a motion for a more definite statement, and a motion to strike. That document also states that Fox "EXPRESSLY RETAINS any and all rights to amend [Fox's] responsive pleading, to include, but not limited to, an ANSWER COUNTERCLAIM." All motions were denied and the case was set for trial. Fox then answered and filed a counterclaim alleging that Murrell and Fox had been roommates with an oral agreement to share expenses. Fox alleged that Murrell owed Fox $1,500 in damages which included various household expenses and $500 for projected attorney's fees, costs, and interest. Fox's attorney filed other form-like pleadings.
After a bench trial, the trial court awarded Murrell $1,050 plus costs, and entered a judgment against Fox on her counterclaim on February 20, 1992. Fox's affidavit of substantial hardship and notice of appeal to the circuit court, filed on March 6, 1992, were denied as untimely, and her motion for reconsideration was denied. Fox appealed.
On appeal, Fox's attorney contends that the district court committed reversible error by ruling in favor of Murrell, and that the circuit court committed reversible error by denying the motion for reconsideration. No issue is raised or discussed regarding the dismissal of the appeal to circuit court for untimeliness. The inadequate brief of Fox's attorney completely ignores the requirements of Rule 28, A.R.App.P. The brief merely contains pages with headings but without substance. The case and fact statements, which are inundated with incomplete sentences, unnecessary accentuation, and a mysterious absence of facts, instruct the reader to "[p]lease read on for supporting justification," but the brief presents absolutely nothing for appellate review. The argument merely restates the issues verbatim, followed by, "Absolutely! Submitted on Pleadings!" Fox's argument cites no authorities, no statutes, no rules, no case law, and no supporting parts of the record. The only authorities cited in the entire brief are contained in the table of authorities and are procedural rules that have no relevance to this appeal.
An appellate court will not address the merits of arguments presented without supporting authority. Simonton v. Carroll,512 So.2d 1384 (Ala.Civ.App. 1987). Failure to argue an issue waives that issue and precludes it from consideration on appeal. Boshell v. Keith, 418 So.2d 89 (Ala. 1982). It is neither the function nor the duty of this court to perform the appellant's legal research. Lokey v. State Department ofIndustrial Relations, 527 So.2d 1327 (Ala.Civ.App. 1988). We remind counsel for the appellant that the sole purpose of appellate briefs "is to *Page 388 
present to this court the legal issues and arguments involved in the appeal." Brannon v. Brannon, 477 So.2d 445, 448
(Ala.Civ.App. 1985). The failure of Fox's attorney to comply with Rule 28, A.R.App.P., places Fox in a perilous position and requires that we affirm the trial court's judgment.
Murrell has requested that damages and sanctions pursuant to Rule 38, A.R.App.P., and/or the Alabama Litigation Accountability Act (ALAA), Ala. Code 1975, § 12-19-270, et seq., be assessed against Fox's attorney for filing a frivolous appeal. The grant or denial of damages pursuant to Rule 38, A.R.App.P., is within the sound discretion of the appellate court. City of Birmingham v. Wright, 379 So.2d 1264 (Ala. 1980).
 "We are burdened with too many meritorious appeals brought by able and conscientious counsel, to permit our time to be consumed by frivolous appeals, totally lacking in merit. It is neither fair to this court, appellee and counsel, nor to those cases from which our attention is diverted."
Hutson v. Hutson, 351 So.2d 588, 591 (Ala.Civ.App. 1977). From the scant record on appeal and the inadequate appellant's brief, we cannot determine whether this is a frivolous appeal, and therefore, must deny relief pursuant to Rule 38, A.R.App.P.
We find, however, that Murrell's ALAA claim against Keith Ausborn, Fox's attorney, is a valid claim. Ala. Code 1975, §12-19-271(1), provides the following definition:
 "The phrase 'without substantial justification', when used with reference to any action, claim, defense or appeal, including without limitation any motion, means that such action, claim, defense or appeal (including any motion) is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the court."
Pursuant to the ALAA, a court may assess a reasonable attorney's fee against an offending attorney upon a determination that the claim is without substantial justification. Ala. Code 1975, § 12-19-272. See McArdle v.Bromfield, 540 So.2d 91 (Ala.Civ.App. 1989). The court is required to state its reasons for the award, considering the proper factors. Tidwell v. Waldrop, 554 So.2d 1009 (Ala. 1989).
The meager record in the instant case reveals that Fox's attorney submitted numerous unnecessary pleadings at the trial level, which were inadequate and not interposed for any proper purpose. Likewise, his appeal and brief are groundless in fact and in law. The only conceivable purposes for them were to cause unwarranted delay and to increase the costs of this litigation. Clearly, the claim is "without substantial justification." Having thoroughly reviewed the record and carefully considered Murrell's request in light of the ALAA, we can say without hesitation, that, should this case not meet the criteria for an assessment of costs against an offending attorney pursuant to ALAA, it is difficult to imagine a case that would. Accordingly, Murrell is awarded a $500 attorney's fee against counsel for the appellant.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.