749 So.2d 459 (1999)
J.W. HARTLEIN CONSTRUCTION COMPANY, INC., and Inverness Construction Company
v.
SEACREST ASSOCIATES, L.L.C.
2980105.
Court of Civil Appeals of Alabama.
March 19, 1999.
Rehearing Denied May 21, 1999.
Certiorari Denied October 29, 1999.
*460 Jeffrey B. Carr and Craig W. Goolsby of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., Daphne, for appellants.
Kelly A. McGriff of Brackin & McGriff, P.C., Foley, for appellee.
Alabama Supreme Court 1981436.
THOMPSON, Judge.
J.W. Hartlein Construction Company, Inc. ("Hartlein"), and Inverness Construction Company ("Inverness") filed a complaint against Seacrest Associates, L.L.C., and Henry Norris & Associates, Inc., alleging breach of contract, breach of implied warranties, negligence, and tortious conduct that would justify the imposition of punitive damages. In the complaint, Hartlein and Inverness sought damages and the imposition of a construction lien.
In February 1995, Hartlein and Seacrest entered into a contract whereby Hartlein agreed to construct condominiums for Seacrest. Hartlein later merged with Inverness (hereinafter, the merged organization is referred to as "Inverness"). The claims alleged in Inverness's complaint arise from the alleged breach of Seacrest's contract with Hartlein and its alleged refusal to consider the work performed by Hartlein as complete.
Seacrest answered and filed a counterclaim, alleging that Hartlein had failed to complete its construction in a timely or workmanlike manner. Seacrest moved for a summary judgment with regard to Inverness's claims, alleging that Inverness did not have a certificate of authority to conduct business in Alabama and that, therefore, pursuant to § 10-2B-15.02, Ala. Code 1975, it could not enforce any contractual rights in a court in Alabama.
*461 The trial court entered a summary judgment in favor of Seacrest on all of Inverness's claims. The trial court later certified its summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Inverness appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
The relevant facts are essentially undisputed. In February 1995, Hartlein entered into a contract with Seacrest to perform the duties of a general contractor in the construction of Seacrest Condominiums in Gulf Shores. At the time it entered into the contract with Seacrest, Hartlein had a certificate of authority to conduct business in Alabama. Hartlein substantially completed the work on the condominiums by April 10, 1996.
In early July 1996, Hartlein merged with Inverness and filed its articles of merger in the State of Mississippi. Under the terms of that merger agreement, Hartlein and Inverness merged into a single corporation, Inverness Construction Company, "an existing Mississippi corporation, which shall continue its corporate existence and which shall be the corporation surviving the merger." Inverness was authorized to conduct business in Alabama from 1974 until 1995, when its certificate of authority was revoked. Inverness again obtained a certificate of authority to conduct business in Alabama in 1997.
On July 17, 1996, Hartlein submitted to Seacrest a request for payment of $66,858. It appears from the record that Seacrest paid that amount by check on July 20, 1996.
On September 9, 1996, Hartlein filed in the Probate Court of Baldwin County a verified statement of lien against the Seacrest Condominiums in the amount of $170,500.37. On September 30, 1996, Inverness, "as successor by merger to the rights of [Hartlein]," recorded that same lien in the Probate Court of Baldwin County.
In its motion for a summary judgment, Seacrest argued that the present action could not be maintained in the name of Hartlein, because as of July 1996 Hartlein ceased its corporate existence and merged into Inverness. Seacrest argued that because Inverness sought damages incurred during a time that it did not have a certificate of authority, Inverness could not maintain the action. The trial court granted Seacrest's motion for a summary judgment.
"A foreign corporation may not transact business in this state until it obtains a certificate of authority from the Secretary of State." § 10-2B-15.01(a), Ala.Code 1975. Further,
"(a) A foreign corporation transacting business in this state without a certificate of authority or without complying with Sections 40-14-1 through 40-14-3, inclusive, 40-14-21, or 40-14-41, may not maintain a proceeding in this state without a certificate of authority. All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation or any person claiming through or under the foreign corporation by virtue of the contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity."
§ 10-2B-15.02, Ala.Code 1975.
On appeal, Inverness argues that because Hartlein had a certificate of authority at the time that it entered into the contract with Seacrest, the contract was not void under § 10-2B-15.01, Ala.Code 1975. Inverness also argues that, under the express language of the statute, it can maintain its action because it obtained a certificate of authority for 1997, the year in which it filed its complaint.
Sections §§ 10-2B-15.01 and 10-2B-15.02, Ala.Code 1975, and their predecessors bar nonqualified foreign corporations *462 from enforcing contracts in Alabama courts. Wise v. Grumman Credit Corp., 603 So.2d 952 (Ala.1992). However, if the nonqualified corporation's activities are considered "interstate" rather than "intrastate," the corporation is protected from the requirements of those sections by the Commerce Clause of the United States Constitution. Allstate Leasing Corp. v. Scroggins, 541 So.2d 17 (Ala.Civ.App.1989) (citing Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366 (Ala.1988)). As a general rule, a "single act of business" is sufficient to bring a nonqualified corporation within the purview of "doing business" in Alabama. Allstate Leasing Corp., supra. In this case, the parties do not dispute that the construction performed by Hartlein, later Inverness, constituted "intrastate" business.
Rather, the parties dispute the interpretation of § 10-2B-15.02, Ala.Code 1975. Section 10-2B-15.02 and its predecessors are penal in nature and in derogation of the common law; therefore, the statute must be strictly construed. Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893 (1969). A basic principle of statutory construction is that it will be presumed that every word, sentence, or provision of a statute has meaning and effect. Ex parte Children's Hosp. of Alabama, 721 So.2d 184 (Ala.Civ.App.1998). The first sentence of § 10-2B-15.02(a) provides that an unqualified corporation may not maintain an action in the courts of this state without a certificate of authority. The second sentence of that section provides that a contract entered into by an unqualified corporation shall be held void.
In order to interpret § 10-215.02(a), Ala.Code 1975, in a manner to give its first sentence meaning, we hold that the statute provides that a formerly nonqualified corporation may maintain an action in this state once it obtains a certificate of authority from the secretary of state. At all relevant times, Inverness or Hartlein had the appropriate certificate of authority. Hartlein was authorized to do business in Alabama when it entered into the contract with Seacrest, and Inverness had a certificate of authority when it filed its action seeking damages. We hold that Inverness could maintain its action in the courts of this state. The trial court erred in entering the summary judgment in favor of Seacrest on Inverness's claims.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.