CRAWLEY, Judge.
Bernard Crowe appeals from the trial court’s order directing him to surrender a Caterpillar brand motor scraper (“the scraper”) or to pay its value of $10,000, and to pay Interstate Safety Systems, Inc. (“ISS”), and Ron Summerville (hereinafter collectively referred to as “the plaintiffs”) $4,000 for wrongful detention of the scraper. We affirm and award damages to the plaintiffs pursuant to Rule 38, Ala. R.App. P.
Summerville, who worked in highway construction, entered into an agreement with Joseph Lauch pursuant to which Summerville would store the scraper on Lauch’s property for $200 per month. Summerville eventually stopped making payments to Lauch. Lauch subsequently gave Crowe possession of the scraper for $3,250, the amount of the storage fees that had allegedly accumulated on the scraper. Crowe made some repairs to the scraper while it was in his possession. A dispute arose between Summerville and Crowe when Crowe refused to return the scraper to Summerville without payment.
On May 30, 2001, ISS sued Crowe seeking possession of the scraper and damages for Crowe’s alleged wrongful detention of the scraper. On July 5, 2001, Crowe filed a motion to dismiss, arguing, in part, that ISS was not qualified to do business in Alabama.[1] On July 10, 2001, ISS amended its complaint to add Summerville, identified as the sole stockholder of ISS, as a plaintiff. On December 10, 2001, Crowe filed a motion for a summary judgment with attached exhibits. On that same day, the trial court denied Crowe’s motion for a summary judgment and conducted a bench trial on the plaintiffs’ claims.
On December 21, 2001, the trial court entered an order directing Crowe to surrender the scraper to the plaintiffs, or to pay $10,000, and to pay an additional $4,000 to the plaintiffs for his wrongful detention of the scraper. On January 17, 2002, Crowe filed a motion to set aside, alter, or amend the judgment, or a motion for a new trial; the trial court denied the motion on February 12, 2002. On March 25, 2002, Crowe filed a notice of appeal to this court.
On appeal, Crowe argues that the trial court erred by denying his motion to dismiss and motion for a summary judgment because, he says, ISS should not have been allowed to maintain this action *257 because it was not qualified to do business in Alabama. Because this issue concerns an issue of law, we review the trial court’s ruling de novo. See Ellison v. Green, 775 So.2d 831, 832 (Ala.Civ.App.2000) (“Because this appeal raises only issues of law, this court reviews the case de novo and affords no presumption of correctness to the trial court’s decision regarding the application of the law to the facts.”) (citing Crimson Indus., Inc. v. Kirkland, 736 So.2d 597 (Ala.1999)).
In support of his argument, Crowe relies on three separate sections of the Alabama Code. He first cites § 10-3A-186(a)[2] and § 10-2B-15.01(a),[3] Ala.Code 1975, to argue that “foreign corporations must obtain a certificate of authority in order to transact business in Alabama or enter into binding contracts.” He also relies on § 10-2B-15.02(a), which states, in pertinent part:
“(a) A foreign corporation transacting business in this state without a certificate of authority ... may not maintain a proceeding in this state without a certificate of authority. All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation or by any person claiming through or under the foreign corporation by virtue of the contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity.”
Crowe’s argument is not well-taken. In interpreting the predecessor to § 10-2B-15.02, this court held that a foreign corporation not qualified to do business in this state can sue in detinue in an Alabama court. Boles v. Midland Guardian Co., 410 So.2d 82 (Ala.Civ.App.1982). In Boles, however, this court concluded that such an action could not be maintained when its “proof necessitates reliance upon a contract either made in Alabama or to be performed in Alabama.” 410 So.2d at 83. See also Freeman Webb Invs., Inc. v. Hale, 536 So.2d 30, 31 (Ala.1988) (“ ‘actions ex delicto by nonqualified foreign corporations are not prohibited in the courts of Alabama’ ”) (quoting Shiloh Constr. Co. v. Mercury Constr. Corp., 392 So.2d 809, 813 (Ala.1980)). There is no contract on which the plaintiffs relied in filing this detinue action. Therefore, the trial court did not err in allowing the plaintiffs to proceed with this case.
The plaintiffs have sought damages pursuant to Rule 38, Ala. R.App. P., arguing that Crowe has filed a frivolous appeal. We find that the grounds asserted in Crowe’s appeal are inapplicable to this case and are indeed frivolous. One of the Code sections Crowe cites, § 10-3A-186(a), applies only to nonprofit foreign corporations. There is no evidence in the record indicating that ISS was a nonprofit corporation. Further, the record contains no factual support for Crowe’s argument that the plaintiffs could not bring an action based upon the prohibition of uncertified foreign corporations’ suing on contracts. *258 There was no contract between the plaintiffs and Crowe. If Crowe had reviewed the annotations to § 10-2B-15.02, he would have found reference to the cases cited herein, which support the trial court’s judgment. Boles, supra, and Freeman Webb Investments, supra.
“The grant or denial of damages pursuant to Rule 38, [Ala.] R.App. P., is within the sound discretion of the appellate court. City of Birmingham v. Wright, 379 So.2d 1264 (Ala.1980).
“ ‘We are burdened with too many meritorious appeals brought by able and conscientious counsel, to permit our time to be consumed by frivolous appeals, totally lacking in merit. It is neither fair to this court, appellee and counsel, nor to those cases from which our attention is diverted.’
“Hutson v. Hutson, 351 So.2d 588, 591 (Ala.Civ.App.1977).”
Fox v. Murrell, 622 So.2d 386, 388 (Ala.Civ.App.1993). The plaintiffs’ request for damages against Crowe is granted in the amount of $500.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.

. ISS's complaint stated that it was a foreign corporation qualified to do business in Alabama. Crowe attached certified statements from the secretaries of state of both Alabama and Texas showing that ISS was not authorized to do business in either state. The Alabama Secretary of State certified "that the records do disclose that the certificate of authority to transact business in Alabama of said Interstate Safety Systems,* Inc., was revoked on August 11, 1992.”

. Crowe quotes this section for the following proposition:
"(a) All contracts or agreements made or entered into in Alabama by foreign corporations which have not obtained a certificate of authority to conduct affairs in Alabama shall be held void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement;

. This section states:
"(a) A foreign corporation may not transact business in this state until it obtains a certificate of authority from the Secretary of State.”